## MICHAEL REGET

*v.*

## CAROLINE BELL.

1. WITNESS—*competency of defendant in suit by widow for causing her husband's death.* The defendant is a competent witness in his own behalf, in an action brought under the liquor law of 1872, by the widow of a deceased person, to recover damages for causing the death of her husband by selling him intoxicating liquor, from the drinking of which, to excess, he died.

2. INTOXICATING LIQUORS—*where party suing for damages from use of, is consenting.* Where a wife knows the fact that her husband has purchased a jug of whiskey, and is drinking immoderately, and has it in her power to prevent him from drinking in such quantity as to injure him, by breaking the jug, or pouring out its contents, and is not prevented from doing so through fear, but permits him to use it in great excess, from which death ensues, she must be considered as a willing party to his conduct, and instrumental in bringing the loss upon herself.

APPEAL from the Circuit Court of Effingham county; the Hon. JAMES C. ALLEN, Judge, presiding.

This was an action on the case, brought by Caroline Bell against Michael Reget. The opinion of the court presents all the material facts of the case. The defendant, on the trial, was sworn, and offered to testify in relation to the sale

38—77TH ILL.

of the liquor which caused the death of plaintiff's husband, Thompson Bell. After stating that Bell came to his place of business on the day of the alleged sale, the following question was propounded to him: "State what was said and done by him." The court sustained an objection to the question, and the defendant excepted. Defendant's counsel then offered to prove by the defendant that the liquor was obtained under the pretext it was for other persons, but the court refused to allow the same, to which an exception was taken.

Messrs. WOOD & BARLOW, and Messrs. COOPER & KAGY, for the appellant.

Messrs. GILMORE & WHITE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was case, in the Effingham circuit court, brought under the act of 1872, called the liquor law, to recover damages for the death of the husband of plaintiff, occasioned, as was alleged in both counts of the declaration, by maliciously, carelessly and negligently selling and delivering, by defendant, to plaintiff's husband, intoxicating liquors, after notice that the husband was an habitual drunkard, whereby he became intoxicated, sickened and died, leaving plaintiff without means of support.

The jury found the defendant guilty, and assessed the damages at one thousand dollars, for which the court rendered judgment. The defendant appeals.

It seems the only time at which the defendant, who kept a wholesale liquor store, sold intoxicating liquors to the deceased, was on the 23d day of December, 1873, when he purchased a jug of whiskey and took it home, only a small portion of it—a cup full—missing therefrom. He was not then drunk. He went to bed, with the jug by his bedside, which, in the morning, was nearly empty. He never left the bed alive.

It is not proved the deceased was an habitual drunkard, but a hard-working, industrious man, kind to his family when sober as well as when drinking, but one who would occasionally, three or four times in a year, indulge in a "spree" of the hardest kind.

It seems very plain, from the testimony, the plaintiff, now his widow, could have deprived him of the use of this whiskey, had she been so inclined, by breaking the jug, or throwing away its contents, whilst he was in bed. There was nothing to prevent her from so doing, and if she was not willing her husband should drink the contents of the jug, it was very easy to have prevented it.

We are bound to consider she was a willing party to the conduct of her husband, and instrumental in bringing the loss upon herself. It will not do to say she was afraid to interfere, for all the witnesses concur in saying, the deceased, when drinking, was not quarrelsome—as the Hankins' say, who knew him well, was good-natured, and not quarrelsome. There appears to have been nothing in the way to prevent the plaintiff from destroying this liquor, and, by so doing, saved the life of her husband.

It is objected by appellant, that the court refused to permit the defendant. to testify. We see no reason why he should have been excluded. He was not within the exception of the second section of chapter 51, R. S. 1874. The plaintiff was not suing in any of the capacities therein specified.

As to the instructions, we think they were properly disposed of by the court.

For excluding the testimony of appellant, the judgment is reversed and the cause remanded.

*Judgment reversed.* ·