## JOHN HAYS
### v.
## ADELBERT F. WAITE.

*Intoxicating Liquors—Dram Shop Act—Contributory Negligence.*

One who is injured by an intoxicated person can not, under the Dram Shop Act, recover damages from the saloonkeeper who furnished such person with liquor, if the injured person invited him to drink, or furnished him liquor which contributed to his intoxication.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Ogle County; the Hon. JAMES H. CARTWRIGHT, Judge, presiding.

Messrs. FRANC BACON and W. M. TAYLOR, for appellant.

Messrs. HATHAWAY & BAXTER, for appellee.

C. B. SMITH, J.   This was an action on the case brought by appellee, Waite, against appellant, John Hays, to recover for an injury received by appellee at the hands of one Vaughn. There was a trial before the court and a jury, resulting in a verdict for appellee for $175.   The court overruled a motion for a new trial and gave judgment on the verdict.   Appellant brings the record before us on appeal and assigns the usual errors, among which are that the verdict is against the law and the evidence ; that the court erred in admitting evidence for appellee, and in giving and refusing instructions.   The evidence in this record discloses the following state of facts : Appellant, John Hays, was a saloonkeeper in the town of Rochelle, on the night of December 31, 1888, and kept an open saloon during that night.   On the same evening the Hibernian society gave a dance at the Armory hall, which was continued until two or three o'clock in the morning of January 1st.   Vaughn attended the dance with a lady.

Waite also was about the dance hall more or less during the evening.   The proof is very clear that both Waite and Vaughn drank intoxicating liquor together at appellant's saloon on the night in question, and that they drank together as late as one o'clock in the morning.   Appellee himself swears, "I was at the Armory hall when a dance was taking place.   Vaughn, Jos. Cross, Barney Kegan and I went to Hays' saloon and Vaughn and I drew coffee for the drinks.   Vaughn drank whisky three times ; I set up the drinks once, Vaughn once and Cross once." Other witnesses testified to seeing both Vaughn and Waite in Hays' saloon at other times on that night, drinking together. Richard Crandall testified that on two different occasions he saw appellee treating Vaughn to whisky out of a bottle, and that witness drank with them in the Armory building out of this bottle of whisky furnished by Waite, and a small remnant of whisky left in the bottle after they had all drunk from it was poured onto Vaughn's clothing by Waite, and that they then both got to boasting of their manhood and got into a fight in the building.   Witness says Vaughn had a knife,

and the witness then shoved Waite down stairs, and tried to get him to leave, but he would not, and that within a few moments Vaughn went down stairs and the fight was renewed, and that Vaughn then stabbed appellee, inflicting a serious wound, from the results of which appellee was confined to his bed about two months and expended about $67 for doctor's bills.

The proof is clear that both Vaughn and Waite were under the influence of intoxicating liquor more or less during the whole evening, and that Waite treated Vaughn in the saloon once or twice and gave him whisky at least twice in the hall from a bottle.

Appellee now seeks to recover damages from Hays under the Dram Shop Act, for damages caused him through Vaughn, while drunk, which drunkenness was caused from liquor obtained from Hays on the night in question. Under the testimony of appellee himself, we think it very clear that he can not recover in this case.

He himself was the active and persistent agent in causing Vaughn's intoxication and in keeping him intoxicated until Vaughn inflicted the injury upon him of which he complains.

The statute was never intended to cover any such case.

A party complaining of the wrongful act of a saloonkeeper in causing the intoxication of another, from which damage or injury results to him, must not be an active and willing agent with the saloonkeeper, assisting in causing such intoxication. Nor will such complaining party himself be allowed to furnish liquor which, in whole or in part, causes such intoxication of another. No person can profit by his own wrong-doing, nor will the law allow a recovery for an injury resulting from a force put in motion by the wrongful or illegal act of the person complaining. This consequence results from the general law of contributory negligence, and will apply as well to injuries resulting from an intoxicated person as to any other cause of injury arising from the negligence or procurement of the party injured.

We know of no exception in this State to the general rule of

law that prevents a recovery for injuries received by persons where the person injured has, in a material and substantial degree, contributed to his own injury through his own negligent, wrongful or illegal act, except in cases where the direct and immediate cause of the injury was the result of the wilful or malicious act of another.

The courts have repeatedly had occasion to consider the very question involved in this record, and we know of no case where any person has been permitted to recover from saloonkeepers for injuries received at the hands of intoxicated persons under similar statutes to our own, where the person who had received the injury had been an active agent in causing the drunkenness. Rosecranz v. Schumaker, 26 N. W. Rep. 794 (Sup. Court of Michigan); Englekew v. Hilger, 43 Iowa, 563.

In Reget v. Bell, 77 Ill. 593, our own Supreme Court seems to have gone still further, in argument at least, in defeating a recovery for injuries to a wife on account of the death of her husband, resulting from intoxication, because she did not take whisky from him and pour it out of a jug while he was in a drunken stupor.

In that case the wife had no agency in procuring the whisky or in getting or inducing her husband to drink it, and was guilty of no wrong or misconduct disclosed by the record or appearing in the opinion of the court; but notwithstanding this the court said, "She could have deprived him of this whisky, had she been so inclined, by breaking the jug or throwing away its contents while he was in bed. We are bound to consider she was a willing party to the conduct of her husband and instrumental in bringing the loss upon herself." We quote this language, not for the purpose of adopting it as our own, but for the purpose of showing that even passive non-action on the part of the injured party may defeat his right of recovery.

It is alleged the court erred in giving the plaintiff's fourth instruction. That instruction is as follows:

"4. The jury are instructed that even if you believe from the evidence that on the night of the injury to the plaintiff,

that the plaintiff was intoxicated or partially so, and that the plaintiff drank intoxicating liquor with said Vaughn and treated said Vaughn to intoxicating liquor in the saloon of the defendant, these facts, even if they are true, constitute no bar to recovery in this suit by the plaintiff; and the fact that the plaintiff was intoxicated on that occasion is only proper evidence for the jury in determining the weight to be given to the testimony of the plaintiff, and in passing upon the circumstances attending the injury to plaintiff and the cause of the same."

It will be seen from what has before been said that this instruction did not announce a correct rule of law and should have been refused.

The defendant asked the court to give the jury the following instruction, viz.: "The jury are instructed that if they believe from the evidence that the injury complained of was brought about or caused by plaintiff in giving Vaughn intoxicating liquor, or if you believe from the evidence that such injury was occasioned to the plaintiff by some act of provocation to said Vaughn on the part of the plaintiff, if any such appears from the evidence, that the injury sued for would not have been inflicted but for said acts of the plaintiff, that then the plaintiff can not recover in this suit, and you should find for the defendant." But the court refused it. Three others embodying the same principle were asked and refused, and no others were given of a like character. These instructions announced a correct rule of law and were in harmony with the views we have expressed, and some of them should have been given, and it was error to refuse them.

It is also insisted that the injury resulting to appellee from the stabbing was not one of the probable and direct consequences which might have been foreseen, and liable to happen as a probable consequence or direct result of the wrongful act complained of in the declaration. This objection seems to be supported by Schmidt v. Mitchell, 84 Ill. 195, and Shugart v. Egan, 83 Ill. 56.

But we do not deem it necessary in this case to determine, if such a thing were possible, where the probable consequences

of an illegal sale of intoxicating liquor begins or ends, or what may be the probable conduct of a drunken man, so as to make the act flowing from the intoxication one which might reasonably be anticipated by the person causing the intoxication, and therefore make him liable.

For thé errors above indicated the judgment will be reversed and cause remanded.

*Reversed and remanded.*