RICHARD WOLFE

*v.*

MARY JOHNSON.

*Filed at Ottawa October 29, 1894.*

1. CONTINUANCE—*by reason of amendments to declaration.* An affidavit for a continuance upon the ground of surprise occasioned by reason of amendments to the declaration during the trial, which showed what the defendant could prove by a certain witness, but did not show why the witness could not be procured, is not sufficient, and the motion was properly overruled.

2. EVIDENCE—*refusal to sell liquor to husband when actually drunk.* Where a dram-shop keeper does not deny regularly selling liquor to a husband contrary to the wife's warnings, further evidence by him that he refused to sell to the husband when *actually drunk* does not show good faith, and may be excluded.

3. EXEMPLARY DAMAGES—*in actions against dram-shop keepers.* If a dram-shop keeper sells intoxicating liquor to a drunkard, in disregard of the request of his wife, in consequence of which he becomes intoxicated, and she is thereby actually injured in her means of support, exemplary damages may be given.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. M. T. MOLONEY, for the appellant.

Messrs. MAYO & WIDMER, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the court :

This is an action of trespass on the case, brought by Mary Johnson, against Richard Wolfe, in the circuit court of LaSalle county, under section 9 of the Dram-shop act, (Rev. Stat. chap. 43,) to recover damages for injury to her in her person and in her means of support, occasioned by reason of the intoxication of her husband, one Julius Johnson, caused by the sale and gift to him of intoxicating liquors by appellant, who was engaged in the business of selling intoxicating liquors, and was the owner of the building and premises in which such intoxicating liquors were sold. The cause was tried in said court, and the jury awarded appellee $1000 damages against appellant, and judgment was entered on the verdict. From that judgment appellant appealed to the Appellate Court, and from the judgment of affirmance in the Appellate Court he prosecutes this further appeal.

The facts of the case have been settled, by the judgment of the Appellate Court, in favor of appellee.

The declaration, as originally filed, contained three counts. The first charged appellant with being the keeper of a dram-shop, and that, being such keeper of a dram-shop, he sold and gave intoxicating liquors to the husband of appellee, one Julius Johnson, who exercised the trade of a tailor, and caused him to become intoxicated and to continue habitually so, whereby she was injured in her means of support. The second count was like the first, with this addition, that it charged appellant with being not only the keeper of a dram-shop, but also the owner of the building and premises in which such dram-shop was kept. The third count was for injuries to her person, alleged to have been received by appellee by reason of having been assaulted and thrown down on the ground by her husband while he was intoxicated, in con-

sequence of the intoxication produced by the liquors sold and given to him by appellant.

In the trial court, after the evidence had been heard and the arguments of counsel were concluded, and before the instructions were given to the jury, appellee, by leave of court, and over the objection of appellant, amended her declaration and filed an additional count. The amendments were as follows : In the first count, the words "the keeper of a dram-shop" were stricken out, and the words "engaged in the business of selling intoxicating liquors" were inserted in their stead. In the second count, the words "the keeper of a dram-shop and the owner of the premises in which such dram-shop was kept" were stricken out, and in lieu thereof the words "was the owner of certain premises in which a dram-shop or saloon was kept, and, being such owner, at such saloon or dram-shop," were inserted. In the third count, the words "was the keeper of a dram-shop, and, being such keeper of a dram-shop," were stricken out, and in their place the words "was the owner of certain premises in which a dram-shop or saloon was kept, and, being such owner," were inserted. The additional count charged that one James Wolfe was the keeper of a dram-shop, and, being such keeper of a dram-shop, sold intoxicating liquors to appellee's husband, thereby causing him to become intoxicated; that appellant was, and before that time had been, the owner of the building and premises in which such dram-shop was kept; that he had knowledge that a dram-shop was kept in said building, and that intoxicating liquors were, and were to be, sold therein, and that he permitted the said James Wolfe to keep a dram-shop in said building and premises and to sell intoxicating liquors therein, and that in consequence of such intoxication so as above produced in appellee's husband, he violently assaulted and threw her down, thereby severely bruising and injuring her, etc., and that appellant was liable to her as such owner of said premises, etc.

After the filing of the above amendments, his demurrer to the declaration and additional count having been overruled, appellant moved for a continuance of the cause, which motion was overruled. Appellant contends that a continuance should have been granted, and that it was error to overrule his motion, for the alleged reason that the amendments to the three counts as originally filed, and the additional count, presented practically a different case for the defendant to meet, and that in consequence he was taken by surprise. Appellant's affidavit for a continuance was, in substance, as follows :

"Richard Wolfe, being first duly sworn, on oath says that he is the defendant in the above entitled cause ; that on the afternoon of March 27, 1891, the evidence and arguments of counsel were concluded in said cause ; that on the morning of March 28, 1891, and before the instructions were given to the jury, leave was given by the court to amend the declaration filed herein and to file an additional count, and he is advised by his counsel that there is a substantially different case made out against him by said declaration from what there was up to this time ; that it is alleged in the last count of the declaration that James Wolfe kept a dram-shop, with the knowledge of this defendant, after the first of July, 1890, and that if that count was filed when the evidence was being taken and before the arguments of counsel were made, this defendant could prove by said James Wolfe that he did not sell or give any kind of intoxicating liquors whatsoever to the husband of said plaintiff after the first of July, 1890; that this affiant is informed by his attorney that the reason why he did not ask any such questions of said James Wolfe when on the stand, was because no charge of that kind was made against said James Wolfe under the issues then being tried. Subscribed and sworn to," etc.

We think the motion for a continuance was properly overruled, for the record shows that James Wolfe was still the keeper of the same saloon in the city where the

cause was being tried, and that he had been examined in court as a witness the day before, and the affidavit did not show that he was not still present in court, or that he could not be procured and put on the stand, and the privilege of offering, at that time, the evidence referred to, was not asked.

It can not be successfully claimed that, as appellant contends, there was error in refusing to admit evidence that James Wolfe refused liquor to Johnson, for there was no proof, or offer to prove, that the appellant was in any manner connected with the refusal of liquor by James Wolfe, if there was any such refusal.

Appellant objects because evidence offered in his behalf, tending to show that his conduct was not wanton and in willful disregard of appellee's rights, was not admitted on the trial. We think the refusal to admit such evidence was not error, for appellant did not deny regularly selling liquor to appellee's husband, contrary to her oft-repeated requests and warnings, and his only claim was that he refused to sell to him when *actually drunk.* How could the refusal to sell liquor to Johnson when actually drunk, or any other evidence of a like character, show any good faith, or lack of wantonness or turpitude, on the part of appellant, when the evidence already introduced plainly showed, and it was not denied by himself, that he had sold, and knowingly permitted to be sold, to the said Johnson the liquors which made him drunk and incapacitated him for the performance of his trade? There does not appear to have been any evidence offered and not admitted which tended in any way to show good faith or regard for appellee's rights on the part of appellant.

The ninth instruction given in behalf of appellee was, in substance, that if the jury should find, from the evidence, that appellee was entitled to recover damages from appellant for injuries either to her means of support or to her person, or for both of such injuries, in con-

sequence of the intoxication of her husband, and that such intoxication was caused, in whole or in part, by the sale or gift to him of intoxicating liquors by appellant, and that if they should further believe, from the evidence, that the conduct of appellant in that regard was wanton and in willful disregard of appellee's rights, then the jury might give, in addition to the actual damages, if any, which they might believe she had sustained, exemplary damages. Appellant's objection to this instruction is answered by the decision of this court in *McMahon et al.* v. *Sankey*, 133 Ill. 636, where it was held that if a dramshop keeper continues to sell intoxicating liquors to a man in the habit of drinking to excess, in wanton disregard of the request and warning of the wife of the latter, in consequence of which the husband becomes intoxicated, and the wife is thereby actually injured in her means of support, the jury may, in an action by the wife, give her exemplary damages. (See, also, *Meidel* v. *Anthis*, 71 Ill. 241, and *Kennedy et al.* v. *Sullivan*, 136 id. 94.) We think that under the evidence in the record in this case the giving of the ninth instruction for appellee was fully warranted.

The objections to other of the instructions given in behalf of appellee, and to the modification and refusal of some of the instructions given or offered in behalf of appellant, are equally without merit, and we deem it unnecessary to make any further comment upon them.

We find no error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*