### Joseph Strattman v. John Moore.

DRAM-SHOP ACT—*what proper element of damages in action for loss of support.* In an action brought under the Dram-shop Act by a minor for injury to his means of support by reason of the defendant's having caused or contributed to the habitual intoxication of his father, evidence is proper that such minor was by reason of such intoxication of his father deprived of the necessary school books.

Action under Dram-shop Act for loss of support. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

O. M. JONES and BUCKINGHAM & TROUP, for appellant.

MABIN & MORRIS, for appellees.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee, a minor, suing by his next friend, recovered a verdict and judgment against appellant, a dram-shop keeper, for $200, for injury to his means of support by reason of the habitual intoxication of C. C. Moore, his father, caused by liquor sold by appellant.

Prior to May, 1904, the family of the said C. C. Moore, a widower, consisted of his daughter, Mary, aged twenty-one years, and his sons Harry and John, aged, respectively, seventeen and thirteen years. At that time Mary left home and thereafter the sons continued to reside with the father.

The evidence tends to show that C. C. Moore was a mechanic, capable of earning $4 a day, and that when sober he was able and well disposed to provide his family with all the necessary comforts of life; that by reason of his intoxication caused by liquor procured from appellant, his son, John Moore, was deprived of necessary food, wearing apparel and school books; that he seldom, if ever, procured liquor from appellant himself, but the liquor drank by him was procured for him by his two minor sons by his command and at his direction; that his daughter Mary had notified appellant of the habitual intoxication of her father, and that the liquor sold to the sons was purchased by them at the direction of and to be drank by their father, and that he should make no further sales of liquor to them; that thereafter, appellant or his bar tender frequently sold liquor to the sons to be drank by their father.

It is urged that the conduct of John Moore and his brother in procuring liquor from appellant to be drank by their father precludes a recovery in the case. The sons were under the domination and control of their father. What they did in that regard was done under coercion by him, and it cannot be said that they voluntarily contributed to his intoxication. Under such circumstances, the fact that the sons, at the suggestion of their sister, kept a memorandum of the several occasions upon which they so procured liquor from appellant, cannot affect the substantial rights of appellee.

It is insisted that the trial court erred in permitting appellee to show that he had, by the intoxication of his father, been deprived of necessary school books.

Under the compulsory school law in force in this state, the father of appellee was bound to cause appellee to attend school, and as elements constituting the necessary support of appellee, the father was as much bound to furnish the school books required by appellee to pursue his studies in school, as he was to furnish appellee with food, clothing and shelter, and a deprivation of his necessary school books by reason of the intoxication of his father was an injury to the means of support of appellee, within the meaning of the statute.

The amount of damages awarded by the jury excludes any inference that exemplary damages were allowed, although the evidence in the record clearly justified such damages.

There is no error in the record and the judgment is affirmed.

*Affirmed.*