Clarence V. Forsberg, Appellee, v. Around Town Club, Inc. and Marie Freeman, Executrix of Estate of Edward Freeman, Also Known as Robert Edward Freeman, Deceased, Appellants.

Gen. No. 41,900.

Heard in the third division of this court for the first district at the October term, 1941. Opinion filed December 9, 1942.

EKERN & MEYERS, of Chicago, for appellants; DONALD L. THOMPSON and VERNON A. FORSBERG, both of Chicago, of counsel.

JOHN B. BERNARD, of Cicero, and JOHN C. SETECKA, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a Dram Shop action in which plaintiff had a verdict and judgment for $1500. The defendants appealed from the order of the trial court overruling motions for judgment notwithstanding the verdict and for a new trial, and from the judgment.

The complaint is in two counts and charges substantially that Marie Freeman, as executrix, leased the premises at 2131 South Cicero Avenue, Cicero, Illinois to the defendant corporation, knowing that liquor was to be sold therein; that the Corporation's bartender sold or gave liquor to three patrons who were intoxicated thereby, in consequence of which the inebriants, without provocation, maliciously assaulted plaintiff

who was a guest in the tavern exercising due care; and that the gift or sale to the three patrons was made wilfully, wantonly, maliciously and wrongfully against the peace of the State, for which exemplary damages should be given.

Defendant corporation denied plaintiff was in the exercise of due care and claimed that if he was injured, it was because of his own conduct. Marie Freeman admitted the lease, her knowledge of the sale of liquor and put the rest in issue.

The defendants introduced no evidence but rested their case at the close of plaintiff's evidence, following the court's denial of their motions for a directed verdict. Their motions, after verdict, were also denied.

The defendants here contend that plaintiff provoked the assault, which caused his injury, and was in complicity in contributing to the intoxication of his assailants by purchasing drinks for them. Marie Freeman contends that she was not a proper defendant.

The principal issue on the appeal is whether, as a matter of law, on all the evidence in the case, plaintiff is precluded from recovery.

Plaintiff, a mechanic at the Burlington Railroad, entered the tavern shortly after 7 o'clock on Tuesday morning, December 21, 1937, for "a few drinks before going to work." During the previous day he had not worked, but had drunk small glasses of beer off and on, and the night before had been drinking and stayed with friends in Berwyn. He had a drink of whiskey at the tavern and then perceived three men coming to the bar from the rear of the tavern, intoxicated, and who appeared to have been in the tavern for some time. At the bar these men were quarreling and boisterous, and plaintiff was twice knocked off his bar stool. He moved farther away on a stool and after his second drink, purchased one for the three men who had, by that time, had three or four drinks of liquor. Thereafter plaintiff was slapped and jostled by these men

from one to another in another room off the bar, and these assaults ceased when he suggested getting something to eat. He and the three men left the tavern, at about twenty minutes to eight, and went to the Normandy Restaurant about 3 or 4 doors south of the tavern, crossing the grade level Rapid Transit Company's tracks on the way, where there were people on the street, on the platform, and going into the station but not close to plaintiff. Plaintiff and the others went into the restaurant, were seated at a booth, plaintiff next to the wall on one side of the table with Carnavicci, one of the men whom he knew previously as a bartender at another tavern, the other two men across the table. After ordering, Carnavicci went to the front of the restaurant, made a telephone call in a public booth located directly at the entrance door at the south side of the front of the store. Plaintiff then arose, went to the manager at the cashier's stand at the north side of the front of the store, purchased a slug and waited until Carnavicci had finished his call. Plaintiff then entered the telephone booth, removed the receiver, and his three companions came to the booth, pounded on the door, dragged him from the booth and set upon him, beating him so badly that he suffered a fractured nose and required six stitches above his left eye. The manager who meanwhile had gone into the kitchen, returned to find plaintiff on the floor and the men assaulting him. He called to them to stop and they left when he telephoned the police. The police came, found plaintiff so dazed they could not say whether he was drunk or sober and took him to a doctor for treatment. Plaintiff later went to a hospital, remained there four days, suffered a later infection, returned to the hospital for four days and, in all, lost 24 days work.

Defendant contends that by purchasing one of the four drinks his assailants had in his presence, plaintiff contributed materially to their intoxication. In this appeal we must take the evidence most favorable to

plaintiff, and it is that these men were intoxicated when he first perceived them. There are discrepancies in the evidence introduced, as we have said, on plaintiff's behalf only. Plaintiff denies he was intoxicated or that he provoked the assault and says he was forcibly taken to and into the restaurant. The restaurant manager, plaintiff's witness, says plaintiff was drunk and followed his three companions into the restaurant, being about six feet behind them. Plaintiff testified that he was going to work, but the evidence shows that though his work commenced at 8 o'clock, at twenty minutes to eight he suggested something to eat and went with his companions to the restaurant.

Plaintiff claims that the restaurant manager testified differently on cross-examination than on direct, but we have considered his entire testimony in arriving at our conclusion that the record shows plaintiff was intoxicated. The history of his previous day and night drinking and his "few drinks before work," plus the testimony of his own witness, clearly shows the fact. It is plaintiff's contention that the question of his intoxication was a fact for the jury. This contention might have merit if that were the only factor involved in the consideration of the question of law whether plaintiff was assaulted as a result of his own conduct. There is a further factor of provocation. Plaintiff insists he did nothing to provoke the assault and suggests that he purchased the drink for his assailants in pursuance of an appeasement policy. If the drink contributed to their intoxication, we do not see that plaintiff would be any better off whether appeasement or any other motive was his policy. We believe the rule is uniform that where an injured person contributes in whole or in part to the intoxication of his assailant, he cannot recover. *Hays v. Waite,* 36 Ill. App. 397; *Bowman v. O'Brien,* 303 Ill App. 630.

In the case before us plaintiff purchased drinks for men, whom he perceived to be intoxicated, after observing their boisterousness and after they had twice

knocked him from his seat. He did move away from danger and, perhaps, by buying the drink may have sought to remove himself from danger, and we are not prepared to say he was obliged to leave the tavern in order to avoid trouble with drunken boisterous men. The assaults complained of, however, are not those which occurred before plaintiff purchased the drink, nor those which followed in the room off the bar, but the basis of plaintiff's action is the injury suffered after all of this occurred and after he had accompanied the men to the restaurant. He says he was forced to go, though the evidence clearly indicates that he was, at his worst, a willing prisoner who neither complained to people within reach of his voice on the street or platform, nor to the several strangers in the tavern, nor to the manager of the restaurant, wherein he made no protest or outcry. There was no restraint which prevented his leaving the restaurant when he left his companions, bought a slug, and waited for Carnavicci to finish telephoning. He appears to have been satisfied to remain in whatever predicament he now complains he was forced into and in which he suffered his injuries. We believe that by his conduct, plaintiff brought the injuries upon himself and is not such an innocent suitor as the Dram Shop Act contemplates (*James v. Wicker,* 309 Ill. App. 397), and as a matter of law should not recover. The trial court erred in denying defendants' motion for a directed verdict at the close of plaintiff's case.

The remaining points raised by defendants need not be considered. For the reasons given the judgment is reversed.

*Judgment reversed.*

Burke, P. J., and Hebel, J., concur.