Marion Joseph Krotzer, Plaintiff-Appellant, v. Joseph Drinka and Dominic Sacramento, Defendants-Appellees.

Gen. No. 10,504.

Opinion filed August 28, 1951. Released for publication September 17, 1951.

LIDSCHIN & PUCIN, of Waukegan, for appellant.

FUQUA & FUQUA, of Waukegan, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Marion Joseph Krotzer filed a suit in the circuit court of Lake county, against Joseph Drinka and Dominic Sacramento to recover damages he claims he sustained as a result of injuries received in a tavern known as the Fox Hole and owned and operated by the defendants. The original complaint consisted of two counts. No. 1 was for general negligence and Count 2 was under the Dram Shop Act. It is alleged that the plaintiff, Krotzer, was a bartender in the tavern owned by the defendants; that while he was in the regular course of his employment a woman, by the name of Shelia Fuller, came into the tavern, and the plaintiff was struck in the face by a beer bottle thrown by the said Shelia Fuller; that at the time and place in question, she was intoxicated and that said intoxication was caused in whole, or in part by intoxicating liquor given, or sold to her by the defendants' agents or servants other than the plaintiff herein. He prayed judgment in the sum of $25,000. The defendants filed an answer to this complaint and admitted the operation of the tavern by the defendants, but deny all allegations of the complaint, as to Count 2, except that the statute in question was in full force and effect.

The case was called for trial and a jury was selected. The plaintiff put in his evidence, and at the close of the same defendants entered a motion for a directed verdict. The court sustained the motion as to Count 1, of the complaint and overruled as to Count 2. The defendants then offered evidence and at the close they again entered a motion for judgment in their favor. This motion was denied. The jury found the defendants guilty and assessed plaintiff's damages at $6,250.

. Judgment was entered on the verdict of the jury. The defendants filed a motion for judgment notwithstanding the verdict and also for a motion for a new trial. The court sustained the motion, set aside the verdict and judgment, and entered judgment in favor of the defendants, and in the alternative, granting defendants' motion for a new trial. From this judgment the plaintiff has perfected an appeal to this court.

██ It has been repeatedly held by the Appellate and Supreme Courts that where there is any evidence tending to prove every essential allegation of the plaintiff's complaint, the court may not properly enter a judgment notwithstanding the verdict in favor of the defendants. The appellees concede this to be the law, and contend there is no evidence to sustain the verdict of the jury in this case. It then becomes a question of law whether there is any evidence to support the verdict of the jury. The plaintiff, Krotzer, testified in his own behalf, and stated that he was the bartender on duty the night of his injury, and was in charge of the tavern; that he saw Shelia Fuller and a sailor come into the tavern and sit down at a table; that she was intoxicated when she came in, or he thought she was. A considerable portion of his testimony relates to the first count of the complaint, but is unimportant to the issues now before us. He said that the defendants had informed him, if any trouble arose in the tavern, not to call the police under any circumstances, but either put the parties out, or close up the tavern. He further stated that a man by the name of Edward Burns worked in the tavern; that he served Shelia and her friend bottle beer several times; at least three bottles each; that as Burns would serve them beer, he would bring the money to him, and he would put it in the cash register, and make the change;

that this woman became violent and used very vulgar language, and he put her out and locked the door, and told everybody he was closing; that the woman, Shelia, was gone for about fifteen minutes and then came back and had an argument with her boy friend, the sailor, who was standing on the opposite side of the bar from the plaintiff, and Shelia hit the sailor over the head with a bottle of beer and a piece of the glass flew into the plaintiff's eye; that he suffered severe pain from it, but stayed for awhile in the tavern, and then told Burns to take over.

The plaintiff was taken first to his own doctor, and then to a hospital. There is no question but that his eye is very severely injured. There was some corroborative testimony of the plaintiff in some matters that have no bearing upon the issues now before the court.

Edward Burns, commonly called Duke by most of the witnesses, was called by the defendants. He is the man who was waiting on the tables the night the plaintiff was injured. He testified that the girl, Shelia, and the sailor had drinks at the bar; that the plaintiff, Krotzer, personally served them; that he saw the girl hit the sailor over the head with a beer bottle; that the bottle exploded, and some of the pieces went into Krotzer's eye.

Thomas Riley testified that he was in the Fox Hole tavern several hours on the night that the plaintiff was injured; that the girl, Shelia, and the sailor were in the tavern when he arrived; that during the evening he saw them at the bar and later came back and sat down; that he noticed the plaintiff serve them drinks, and then drink bottle beer with them; that Krotzer was drinking with them and buying beer for them.

Leland Chumbley testified that he was present in the tavern the night that plaintiff was injured from about 9:30 p. m. until closing time; that he saw the sailor and Shelia come into the tavern about 11:00 o'clock; that

259

he saw Duke serve them three bottles of beer; that Duke went to the bar to get it and Joe Krotzer gave it to him over the bar.

Rex Chumbley testified that he went to the tavern in question about 9:30 the night the plaintiff was injured. He thought it was about 10:30 when he saw the sailor and the girl come into the tavern; that he saw several bottles of beer served at the table where Shelia and the sailor were sitting, and also saw Duke the waiter, get the bottles of beer from the bar, which Joe Krotzer gave to him.

Darrell Byerly testified that he was at the Fox Hole tavern on the night of May 24, 1948, sitting on a stool at the north end of the bar; that he stayed until one o'clock; that the sailor and the girl came in and sat at a table on the west side of the tavern; that he was sitting about seven or eight feet from where the woman and the sailor were sitting; that Duke took beer to the table. He got the beer at the bar and Joe Krotzer gave it to him; that Joe was the only bartender, and that he saw Duke go up, maybe two or three times to the bar and get beer for Shelia and the sailor.

In the case of *Forsberg v. Around Town Club, Inc.,* 316 Ill. App. 661, an abstract opinion, there we find the following: ''Plaintiff, in Dram Shop action, is not entitled to recover for assault by intoxicated third person when plaintiff contributed to assailant's intoxication either in whole or in part.'' In *Douglas v. Athens Market Corporation,* 320 Ill. App. 40, it is stated: ''Plaintiff in action under Dram Shop Act who participated in bringing about intoxication of another, whose intoxication caused him to injure plaintiff, is precluded from recovering for such injuries, and hence trial court erred in refusing to direct verdict for the defendant.'' In the case of *Adkins v. Williams,* 330 Ill. App. 427, we find the following: ''Generally, doctrine of contributory negligence is not applicable to Dram Shop case,

260

but under Dram Shop Act one who has contributed to intoxication or his own injury may not recover since complaining party must be free from complicity in procuring intoxication."

The appellant quotes at length from the opinion in *Douglas v. Athens Market Corporation, supra,* but an examination of the case discloses that he is quoting from the dissenting opinion, and it is not the law applicable to the case.

█ From the above authorities we think it is clear that if the plaintiff, Krotzer, contributed in any way to the intoxication of Shelia Fuller, under the law he is not entitled to recover in this case. The evidence is clear and undisputed that Krotzer was in charge of the tavern at this time; that he was the bartender and he saw Duke the waiter, serve liquor several times to this woman when he knew that she was intoxicated; that he received the money from the sale of the liquor and put it in the cash register. The evidence is overwhelmingly in favor of the proposition that he personally served this woman intoxicating liquor over the bar.

It is our conclusion that the plaintiff, Marion Joseph Krotzer was an active and willing agent with the defendants and assisted in causing the intoxication of the woman that injured him, and under such circumstances he is not entitled to recover damages against the owners of the tavern.

The judgment of the trial court in entering judgment in favor of the defendant notwithstanding the verdict is affirmed.

*Judgment affirmed.*