(No. 49144.—

DEBORAH NELSON, Appellee, v. THEODORE ARAIZA
*et al.,* Appellants.

*Opinion filed January 27, 1978.*

Heineke & Schrader, of Chicago (Robert M. Burke and Edwin A. Strugala, of Chicago, of counsel), for appellants Juan Guel *et al.*

John Fako, Jr., of Chicago (Edwin A. Strugala, of Chicago, of counsel), for appellants Luke Savich *et al.*

Alan C. Mendelson, of Chicago, for appellee.

MR. JUSTICE DOOLEY delivered the opinion of the court:

Plaintiff, Deborah Nelson, brought this action to recover damages for personal injuries under section 14 of article VI of the Dramshop Act (Ill. Rev. Stat. 1969, ch. 43, par. 135). At the close of plaintiff's case the defendant tavern owners moved for a directed verdict based on the affirmative defense of complicity. The circuit court of Cook County directed a verdict for defendants. The appellate court reversed and remanded for a new trial, deciding that complicity was an issue of fact. (43 Ill. App. 3d 685.) We granted plaintiff's petition for leave to appeal under Rule 315 (58 Ill. 2d R. 315).

Here the issue is whether evidence of complicity so overwhelmingly favored the dramshop defendants that no verdict in plaintiff's favor could stand. In a broader vein, we assess the essentials of complicity as a defense to a dramshop action.

Between 7 and 8 p.m. on March 2, 1970, plaintiff, 21 years old, and her girl friend, Marlene, went to Juan & Tina's Lounge. Neither had any money. Among the

patrons were two of plaintiff's girl friends and defendant Theodore Araiza.

Plaintiff had known Araiza for a couple of years. Marlene had dated him previously. Araiza was seated at the bar with several beer bottles and a glass in front of him. He appeared to plaintiff to be "pretty drunk."

Araiza called plaintiff and Marlene to the bar and offered to buy them a drink. Plaintiff accepted a beer from Araiza and then joined her girl friends at their table. Plaintiff did not spend any time with Araiza after he bought her the beer. However, she noticed him at the bar drinking beer and behaving in a boisterous manner.

At 10 p.m. plaintiff and Marlene were going out the tavern door to walk five blocks to the home of friends. Araiza, upon learning their destination, insisted on giving them a ride. Plaintiff initially declined the offer. Araiza, six feet tall and about 250 pounds, persisted. To avoid a "hassle," the girls let Araiza drive them the short distance.

En route to their destination, Araiza made a detour. He stopped in front of Luke's Lounge, left plaintiff and Marlene in the car, and bought four six-packs of beer. He then drove them to the friends' home.

There the three remained for the next few hours. Plaintiff had one or two cans of beer. Araiza, already intoxicated, drank about eight cans of beer.

At 2 a.m. plaintiff and Marlene were leaving. Plaintiff's home was about two blocks away. Araiza protested vigorously and insisted that Marlene go out with him. Marlene agreed if plaintiff would also go. Plaintiff finally yielded to the pleas of both Marlene and Araiza, on condition that she be allowed to drive.

Plaintiff drove them about 20 blocks to a King Kastle restaurant. Plaintiff went into the restaurant to purchase the food. When she returned, Araiza had moved into the driver's seat. Plaintiff sat in the back seat. Araiza refused to let her drive.

It was now close to 3 a.m. and raining. Plaintiff was tired and had no money. Buses ran only once an hour to her neighborhood.

Plaintiff and Marlene told Araiza they wanted to go home. Araiza became very upset and drove away suddenly. The accident causing plaintiff serious injury occurred a few blocks away.

Plaintiff's action was under the Dramshop Act. She alleged she was injured by an intoxicated person and that she had a right of action against Juan & Tina's Lounge and Luke's Lounge because they supplied Araiza with liquor, causing his intoxication.

The remedy afforded by the Dramshop Act is a creature of legislation. The statute imposes no-fault liability. (See *Graham v. General U.S. Grant Post No. 2665* (1968), 97 Ill. App. 2d 139, 143; *Osinger v. Christian* (1963), 43 Ill. App. 2d 480, 485.) It is to be liberally construed to protect the health, safety, and welfare of the people from the dangers of traffic in liquor. (Ill. Rev. Stat. 1975, ch. 43, par. 94.) It grants every person injured a right of action. It provides no statutory defenses. (Matney, *The Illinois Dram Shop Act: Recent Developments*, 1967 U. Ill. L.F. 116, 128.) Its passage in 1872 was a product of the temperance movement, apparently designed at curtailing a never popular business. See *Osinger v. Christian* (1963), 43 Ill. App. 2d 480, 485.

Complicity interdicting recovery under the Act has its genesis not in the statute but in judicial decisions. This unique defense is an outgrowth of the "innocent suitor" concept. (See *Holcomb v. Hornback* (1964), 51 Ill. App. 2d 84; *Ness v. Bilbob Inn, Inc.* (1957), 15 Ill. App. 2d 340; *James v. Wicker* (1941), 309 Ill. App. 397; *Hays v. Waite* (1890), 36 Ill. App. 397.) The teaching is based on the premise that one who is guilty of complicity in the inebriate's intoxication should not be allowed to succeed. Recovery by him would undermine the purpose of the Act

in controlling abuses of the liquor trade. *Osinger v. Christian* (1963), 43 Ill. App. 2d 480, 485; Matney, *The Illinois Dram Shop Act: Recent Developments,* 1967 U. Ill. L.F. 116, 129.

Emphasis is on the role of the plaintiff in causing the intoxication.

"A party complaining of the wrongful act of a saloonkeeper in causing the intoxication of another, from which damage or injury results to him, *must not be an active and willing agent* with the saloonkeeper, *assisting in causing such intoxication.*" (Emphasis added.) *Hays v. Waite* (1890), 36 Ill. App. 397, 399.

The Dramshop Act is not predicated on negligence. Hence, contributory negligence is not an issue. (*Osinger v. Christian* (1963), 43 Ill. App. 2d 480, 482; *Douglas v. Athens Market Corp.* (1943), 320 Ill. App. 40, 50.) Yet a court, while recognizing this, observed that complicity and contributory negligence are both children of the doctrine that one cannot profit from his own wrong. (*Osinger v. Christian* (1963), 43 Ill. App. 2d 480, 485.) The pertinent inquiries, however, are different. Contributory negligence relates to the plaintiff's role in causing his own injury, while complicity concerns the plaintiff's role in causing the inebriate's intoxication. Matney, *The Illinois Dram Shop Act: Recent Developments,* 1967 U. Ill. L.F. 116, 129.

The genesis of complicity antedates multiple amendments to the Act marking its evolution. Until 1949 compensatory as well as punitive damages were recoverable. In a myriad of situations punitive damages were approved. See, *e.g., Earp v. Lilly* (1905), 217 Ill. 582; *Buck v. Maddock* (1897), 167 Ill. 219; *Wolfe v. Johnson* (1894), 152 Ill. 280.

Originally the potential compensatory recovery was unlimited, even in death cases, notwithstanding at the same time the amount recoverable under the Wrongful

Death Act (Ill. Rev. Stat. 1975, ch. 70, par. 1 *et seq.*) was limited, originally to $5,000 (1853-1935), then to $10,000 (1935-1947), $15,000 (1947-1951), $20,000 (1951-1955), $25,000 (1955-1957), and $30,000 (1957-1967) when the statutory limitation was eliminated (Ill. Rev. Stat. 1975, ch. 70, par. 2; Ill. Ann. Stat., ch. 70, par. 2, Historical Note, at 345-46 (Smith-Hurd 1959)).

In 1949 the provision for exemplary damages was extirpated. A ceiling on the amount of recoverable damages and a limitations period of two years was spelled out for the first time. Ill. Rev. Stat. 1949, ch. 43, par. 135.

The 1955 amendments drew a new distinction between actions for injuries to persons or property and actions for injury to means of support. Originally a right of action was given to those injured in their persons, property, or means of support either "by" any intoxicated person or "in consequence of" the intoxication of any person. After 1955, actions for injury to persons or property were limited to "by" actions. Actions for loss of support were still sustainable as both "by" and "in consequence of" actions. The result was a narrowing of the right of action for personal injury and property damage. See *Hernandez v. Diaz* (1964), 31 Ill. 2d 393; Matney, *The Illinois Dram Shop Act: Recent Developments,* 1967 U. Ill. L.F. 116, 119-21.

Finally, in 1955 the limitations period was reduced further to one year after the cause of action accrued. Ill. Rev. Stat. 1955, ch. 43, par. 135.

Prior to 1971, the Act held liable those who caused the intoxication, in whole or in part. In 1971 the "in whole or in part" language was eliminated. The current statute provides a right of action only against those who cause the intoxication. This, according to the appellate court decisions touching upon it, narrows the scope of liability. The defendant must have caused the intoxication and not merely have furnished a negligible amount of

liquor. *Thompson v. Tranberg* (1977), 45 Ill. App. 3d 809, 811; *Caruso v. Kazense* (1974), 20 Ill. App. 3d 695, 697.

Decisions on complicity are a mass of inconsistency. In applying the doctrine, the premise of complicity—that recovery should be denied a plaintiff responsible for the inebriate's intoxication—has been forgotten. Many have courted a variant of the inapplicable contributory-negligence concept. All have failed to consider the effect of amendments to the Act which protect potential defendants by removing the punitive damages exposure, limiting the compensatory recovery, establishing a limitations period, narrowing the right of action for personal injury and property damage, and making the cause requirement more stringent. In a word, these modifications have made for greater difficulty in recovering from the liquor traffickers.

The confusion originated in two 1875 cases. In *Hackett v. Smelsley* (1875), 77 Ill. 109, 124, a wife's action for loss of support as a consequence of her husband's intoxication was not barred because she accompanied him when he drank, knew of his drinking, and approved of it. In contrast, *Reget v. Bell* (1875), 77 Ill. 593, precluded recovery by a wife who did not take a jug of liquor away from her husband and thereby save his life.

Subsequent development of complicity has been almost exclusively in the appellate courts. A plaintiff who buys the inebriate a drink has been generally prohibited from recovery. The early appellate cases generally followed this pattern. (*Hays v. Waite* (1890), 36 Ill. App. 397; *Pearson v. Renfro* (1943), 320 Ill. App. 202; *Douglas v. Athens Market Corp.* (1943), 320 Ill. App. 40; *Forsberg v. Around Town Club, Inc.* (1942), 316 Ill. App. 661; *Sapp v. Johnston* (1973), 15 Ill. App. 3d 119.) In the same vein, a barmaid or bartender who served the intoxicated person was not permitted to recover. *Burnley v. Moore* (1963), 41 Ill. App. 2d 156; *Krotzer v. Drinka* (1951), 344 Ill. App.

256.

Despite this strong line of cases, *Chapman v. Powers* (1975), 30 Ill. App. 3d 44, held that although plaintiff had purchased a drink for his assailant, it was a question of fact whether, under the particular circumstances, complicity nullified his right of action.

Other cases permit recovery even though the plaintiff has purchased drinks for the intoxicated person where he was either unwilling to do so or the purchase was made under coercion. (*Lester v. Bugni* (1942), 316 Ill. App. 19; *Strattman v. Moore* (1907), 134 Ill. App. 275.) Yet in *Forsberg v. Around Town Club, Inc.* (1942), 316 Ill. App. 661, there was a directed verdict for the defendant despite the plaintiff's contention he bought the drinks as an act of appeasement.

In some instances recovery has been precluded as a matter of law where the plaintiff accepted drinks from the inebriate. *Holcomb v. Hornback* (1964), 51 Ill. App. 2d 84; *Baker v. Hannan* (1963), 44 Ill. App. 2d 157; *Tezak v. Cooper* (1960), 24 Ill. App. 2d 356; *Phenicie v. Service Liquor Store, Inc.* (1960), 23 Ill. App. 2d 492; *James v. Wicker* (1941), 309 Ill. App. 397.

Under *Meier v. Pocius* (1958), 17 Ill. App. 2d 332, a plaintiff who embarks on a tour of taverns and joins in the drinking, even if he did not supply the inebriate with liquor, is prohibited from recovering as a matter of law. Yet, in other instances, complicity was a question of fact where a person accompanied the inebriate on a tour of taverns. (*Krepfl v. Burke* (1974), 24 Ill. App. 3d 173; *Dunkelberger v. Hopkins* (1964), 51 Ill. App. 2d 205; *Guardado v. Navarro* (1964), 47 Ill. App. 2d 92; *Ness v. Bilbob Inn, Inc.* (1957), 15 Ill. App. 2d 340.) This was true even though there was no question of compulsion or an attempt to extricate oneself from the company of the intoxicated person. *Busser v. Noble* (1959), 22 Ill. App. 2d 433.

In evaluating whether a plaintiff is barred by complicity, irrelevant factors have been considered, such as the plaintiff's willing exposure to the risks and dangers of riding in a car driven by an intoxicated person. (See *Dunkelberger v. Hopkins* (1964), 51 Ill. App. 2d 205; *Guardado v. Navarro* (1964), 47 Ill. App. 2d 92.) This could at best be a form of the archaic and obsolete doctrine of assumption of risk in negligence cases. (*Barrett v. Fritz* (1969), 42 Ill. 2d 529, 533-34.) It can have no bearing on complicity.

Assertions that one who provokes an attack is barred by complicity (*Taylor v. Hughes* (1958), 17 Ill. App. 2d 138; *Balice v. Weiand* (1963), 40 Ill. App. 2d 168) are incompatible with the doctrine. Complicity is not predicated on the plaintiff's contribution to his injury but only upon his contribution to the inebriate's intoxication.

The orderly administration of justice dictates that a clear rule of complicity be distilled. That rule, predicated on the better-reasoned decisions and the concept of the doctrine is this: only one who actively contributes to or procures the intoxication of the inebriate is precluded from recovery. (See *Hays v. Waite* (1890), 36 Ill. App. 397; *Douglas v. Athens Market Corp.* (1943), 320 Ill. App. 40; *Ness v. Bilbob Inn, Inc.* (1957), 15 Ill. App. 2d 340; *Taylor v. Hughes* (1958), 17 Ill. App. 2d 138; *Burnley v. Moore* (1963), 41 Ill. App. 2d 156; *Baker v. Hannan* (1963), 44 Ill. App. 2d 157.) In many cases this will be an issue of fact under the given circumstances. In other cases whether there is sufficient evidence to support the doctrine as enunciated will be for judicial determination.

Apart from our own cases, other jurisdictions have passed on this doctrine. The New York Court of Appeals, in interpreting a statute highly similiar to our own, noted:

"There is no justification, either in the language of the legislation or in its history, for exonerating the latter simply because he had also served, and

brought about the inebriety of, the third person who was hurt. *As long as the latter does not himself cause or procure the intoxication of the other, there is no basis,* under the statute, *for denying him a recovery* from the party unlawfully purveying the liquor." (Emphasis added.) (*Mitchell v. Shoals, Inc.* (1967), 19 N.Y.2d 338, 341, 227 N.E.2d 21, 23, 280 N.Y.S.2d 113, 116, 26 A.L.R. 3d 1107, 1110.) There the plaintiff went out to drink with the inebriated party. After consuming several drinks she passed out. Her escort continued to drink. Plaintiff was injured while a passenger in a car driven by her intoxicated escort.

To the same effect as the New York case are *Todd v. Biglow* (1974), 51 Mich. App. 346, 214 N.W.2d 733, and *Heveron v. Village of Belgrade* (1970), 288 Minn. 395, 181 N.W.2d 692.

The appellate court correctly determined that under the existing state of law a new trial should be granted. Such a trial must be consistent with the views expressed herein.

*Judgment affirmed.*