JOHN MERRITT, Plaintiff-Appellant, *v.* WALTER CHONOWSKI, d/b/a Circus Lounge *et al.*, Defendants-Appellees.

Third District   No. 77-23

Opinion filed March 15, 1978.—Rehearing denied April 12, 1978.

Louis E. Olivero, of Peru, for appellant.

Paul V. Martin, of Zwanzig, Lanuti & Martin, of Ottawa, and Robert M. Hansen, of Herbolsheimer, Lannon & Henson, P. C., of LaSalle, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by John Merritt, the plaintiff, from orders entered by the circuit court of Bureau County granting summary judgments in a dramshop action to the defendants, Walter Chonowski, d/b/a Circus Lounge, and William Willits, d/b/a Lucky Tap.

On the evening of November 2, 1974, due to arrangements made by the plaintiff, he met Ed Zubosky and Dale R. Spelich at a Mr. Quick's restaurant. Zubosky was home from military service and an evening of socializing was planned. After leaving the restaurant with Spelich providing the transportation, the trio went to a tavern known as Lucky Tap located in Arlington, Illinois, and owned by the defendant Willits. At the Lucky Tap the three men consumed three or four glasses of beer, each buying their own. Upon leaving this place of business each man purchased an eight-pack of beer which they drank at a drive-in movie. At approximately 11:30 p.m. they left the drive-in and went to a tavern known as the Circus Lounge owned by the defendant Chonowski in Spring Valley, Illinois. At this establishment the only one of the trio to gain entrance was Spelich, the driver of the vehicle which provided their transportation. The plaintiff was denied admission because of his age and Zubosky remained in the car. When Spelich exited the Circus Lounge he was angry and informed the plaintiff that he had consumed six mixed

drinks which were quite strong. Upon leaving Spring Valley for the purpose of returning home, Spelich continued to drive the motor vehicle as he had done all evening. An accident occurred in which the plaintiff was injured.

Spelich subsequent to the accident had no memory of any events after going to the drive-in theater. He had no memory of being in Spring Valley or in the Circus Lounge.

The plaintiff filed a dramshop action against both defendants. Motions for summary judgment were filed by both defendants and a hearing on these motions was had on October 28, 1976. On November 1, 1976, the trial court granted the defendant Lucky Tap's motion for summary judgment on the grounds of complicity on the part of the plaintiff. On November 3, 1976, the motion for summary judgment filed by the defendant Circus Lounge was granted on both the grounds of complicity and on the lack of proof of consumption of alcohol on the part of Spelich, the alleged intoxicated person.

The plaintiff in this appeal raises several issues, the first of which is that the defense of complicity in dramshop actions is unconstitutional.

In addressing ourselves to this issue we note that the plaintiff labels "complicity" as a substantive defense which deprives the plaintiff of due process of law and that such defense was created by the judicial system which has invaded and preempted an area which is entirely within the scope of our legislature. The plaintiff further equates "complicity" with "contributory negligence." The law is well settled that contributory negligence presupposes an action based on negligence and no issue of negligence is involved in a dramshop action. *Nelson v. Araiza* (1978), 69 Ill. 2d 534, 372 N.E.2d 637; *Overocker v. Retoff* (1968), 93 Ill. App. 2d 11, 234 N.E.2d 820.

■■  As noted in the brief of the defendant Lucky Tap, the defense of complicity has been judicially recognized for over 100 years. (*Reget v. Bell* (1875), 77 Ill. 593.) The Dramshop Act has been amended repeatedly since the enactment of the original act in 1874. From the year 1875 to the present time our courts have been applying the complicity doctrine in dramshop cases. Reenacting a statute which has been judicially construed is an adoption of such construction unless a contrary intent appears. (*Gaither v. Lager* (1954), 2 Ill. 2d 293, 118 N.E.2d 4.) We find no merit in the plaintiff's contention that because the defense of complicity is not specifically set forth in the Dramshop Act (Ill. Rev. Stat. 1975, ch. 43, par. 135) that the resultant effect is that such defense is unconstitutional and deprives a plaintiff of due process of law.

The plaintiff raises the further issue that if complicity is to remain a defense in dramshop actions, then the trial court nevertheless committed

reversible error in granting summary judgment to the defendants on such grounds.

■■ Our supreme court has recently issued an opinion in which the history of the defense of complicity is extensively reviewed and further that court set forth a concise rule concerning such defense. See *Nelson v. Araiza* (1978), 69 Ill. 2d 534, 372 N.E.2d 637.

In the *Araiza* case our supreme court stated:

"The orderly administration of justice dictates that a clear rule of complicity be distilled. That rule, predicated on the better-reasoned decisions and the concept of the doctrine is this: only one who actively contributes to or procures the intoxication of the inebriate is precluded from recovery. (See *Hays v. Waite* (1890), 36 Ill. App. 397; *Douglas v. Athens Market Corp.* (1943), 320 Ill. App. 40; *Ness v. Bilbob Inn, Inc.* (1957), 15 Ill. App. 2d 340; *Taylor v. Hughes* (1958), 17 Ill. App. 2d 138; *Burnley v. Moore* (1963), 41 Ill. App. 2d 156; *Baker v. Hannan* (1963), 44 Ill. App. 2d 157.) In many cases this will be an issue of fact under the given circumstances. In other cases whether there is sufficient evidence to support the doctrine as enunciated will be for judicial determination." *Nelson v. Araiza* (1978), 69 Ill. 2d 534, 543, 372 N.E.2d 637, 641.

■■ In the light of this recent pronouncement by our supreme court we are of the opinion that the trial court committed reversible error in granting motions for summary judgment to each of the defendants on the grounds of complicity. Whether the plaintiff was or was not guilty of complicity by actively contributing to the intoxication of the alleged inebriate Spelich was an issue of fact to be determined by trial.

■■ We note, however, that as to the defendant Chonowski, d/b/a Circus Lounge, the trial court predicated its order of summary judgment as to this defendant on the further ground that there was a total nonavailability of proof to support a finding that the alleged intoxicated person, to-wit, Spelich, had anything to drink in this establishment. Based upon the pleadings, depositions and affidavits presented to the trial court it is clear that the defendant Chonowski, d/b/a Circus Lounge, knew of no sale of liquor to Spelich. Spelich himself did not recall being at the Circus Lounge. Neither the plaintiff nor his companion Zubosky had any knowledge as to whether or not Spelich drank liquor at the Circus Lounge. The plaintiff was unable to produce the identity of anyone who had knowledge of Spelich consuming liquor at the Circus Lounge. It is not only vital but elementary that to find a defendant liable in a dramshop action there must be some proof that the alleged intoxicated person who causes injury drank liquor in the defendant's dramshop. In the instant case there was no existence of a fundamental material fact and hence the

summary judgment granted to the defendant Circus Lounge was proper.

The plaintiff argues that the statement of Spelich when he exited the Circus Lounge and returned to his automobile, to the effect that he had consumed some six mixed drinks which were strong, should have been considered as an exception to the hearsay rule and thereby admissible in evidence.

■■ In order for the statement of Spelich, the alleged intoxicated person, to be an exception to the hearsay rule as a declaration against pecuniary interest four elements must be present, to-wit, (1) the declarant must be unavailable, (2) the declaration must be against the declarant's pecuniary interest, (3) the declarant must have competent knowledge of the facts forming the basis of the declaration, and (4) the declarant must have no motive to falsify his statement.

■■ In the instant case at least one of the requisite four elements is absent, namely the statement of Spelich, the alleged intoxicated person, was not against his pecuniary interest. He made his declaration before the accident occurred at which time he had no reason to believe that he was going to become liable for an injury to another person. The declaration must be against one's pecuniary interest at the time the statement is made or it fails to qualify as an exception to the hearsay rule. (See Wigmore on Evidence §1466, at 7 (3d ed. 1940), and also 5 Callaghan's Illinois Evidence §10.41, n. 38 (1964).) The plaintiff relies on the case of *Frazier v. Burks* (1968), 95 Ill. App. 2d 51, 238 N.E.2d 78, as authority for the proposition that Spelich's statements to his companions when he left the Circus Lounge were against his pecuniary interest and would consequently qualify as an exception to the hearsay rule and be admissible in evidence. We do not so interpret the case of *Frazier* for in that case the statements by the declarant were made three days after the action in which he was involved and were against his pecuniary interest since they served as a basis for his being held liable for damages in a resultant law suit. *Frazier v. Burks* (1968), 95 Ill. App. 2d 51, 238 N.E.2d 78.

For the reasons set forth the trial court's order granting summary judgment against the defendant William Willits, d/b/a Lucky Tap, is reversed and this case is remanded as to this defendant for further proceedings in the trial court. The order of the trial court granting summary judgment to the defendant Walter Chonowski, d/b/a Circus Lounge, is affirmed.

Affirmed in part and reversed and remanded in part.

ALLOY, P. J., and STENGEL, J., concur.