PATRICIA FOLEY, Plaintiff-Appellant, *v.* STONED TOAD, INC., *et al.*, Defendants-Appellees.

Third District   No. 78-478

Opinion filed October 25, 1979.

Warren E. Danz, P.C., of Peoria (Richard G. Leiser, of counsel), for appellant.

Bradley W. Dunham, of McConnell, Kennedy, Quinn & Johnston, of Peoria, and Allan Hartsock, of Klockau, McCarthy, Lousberg, Ellison & Rinden, of Rock Island, for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Patricia Foley brought this action under the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 135) to recover damages for personal injuries she received in an automobile accident. The trial court entered summary judgment in favor of defendant tavern owners on the basis of

plaintiff's complicity in the drinking which led to driver's purported intoxication. Plaintiff appeals, claiming that the defense of complicity was a fact question for the jury.

According to the discovery deposition of plaintiff, early in the afternoon of March 10, 1977, she went to the Stoned Toad Tavern in Pekin, Illinois, where she saw James Wadsworth drink at least six beers while visiting with various people. About 5 p.m. plaintiff and a friend Linda Frailey accepted Wadsworth's invitation to get in his car to "go party." Two other men joined the group and, with Wadsworth driving his station wagon, they first stopped at Court Liquors where Wadsworth bought a case of beer and then they drove around on rural roads near Pekin for 2½ hours. Plaintiff sat in the front seat between Wadsworth and Tom Madalozzo. During the drive Wadsworth drank four or five cans of beer. Each time, one of the back seat passengers would take a can from the case in the rear of the station wagon and pass the can to one of the front seat passengers. Plaintiff and Tom would then open the can, and plaintiff would hand it to Wadsworth. Plaintiff drank two or three beers herself during this period of time. About 7:30 p.m. the car went into a ditch, striking an embankment, and as a result of the accident plaintiff was injured.

In her appeal from the summary judgment entered in favor of defendants, plaintiff contends that the defense of complicity presents a question of fact which must be submitted to a jury. She relies upon *Nelson v. Araiza* (1978), 69 Ill. 2d 534, 372 N.E.2d 637, and *Merritt v. Chonowski* (1978), 58 Ill. App. 3d 192, 373 N.E.2d 1060. In *Nelson*, a directed verdict in favor of defendant was reversed and remanded for a new trial upon a finding that complicity was an issue of fact where the plaintiff accompanied the defendant driver somewhat reluctantly during an evening of socializing, and where she had participated only minimally in the evening's drinking. In *Merritt*, this court reversed and remanded a summary judgment entered on the ground of complicity where three men, including the plaintiff and the driver, spent an evening drinking together before the automobile accident, but each purchased his own drinks.

The rule of complicity was recently narrowed by the supreme court in *Nelson v. Araiza*, where it was held that only one who actively contributes to or procures the intoxication of the inebriate is precluded from recovery. The court also stated:

> "In many cases this will be an issue of fact under the given circumstances. *In other cases whether there is sufficient evidence to support the doctrine as enunciated will be for judicial determination.*" (Emphasis added.) 69 Ill. 2d 534, 543, 372 N.E.2d 637, 641.

In both *Nelson* and *Merritt*, the facts set out in those opinions did not establish the plaintiff's complicity sufficiently to permit judicial determination of the issue.

■■ In the case at bar the evidence of plaintiff's complicity is conclusive. She says she was sitting next to Wadsworth in the front seat of his station wagon. The case of beer was in the back of the wagon and obviously could not be reached by the driver. The passengers sitting in the back seat would reach to the rear to get a can of beer and would pass it to the front seat passengers. In plaintiff's own words, "[W]e would open them for him. He was having enough trouble trying to drive." Plaintiff said that she handed Wadsworth four or five beers while he was driving. This testimony is virtually an admission that she actively contributed to his intoxication. There was no triable issue of fact as to complicity which would require submission of the case to the jury, and the trial court did not err. We therefore affirm the summary judgment entered in favor of defendants.

■■ Defendant Court Liquors has argued that this appeal should be dismissed because of plaintiff's failure to file in this court the record on appeal and either excerpts or abstracts within the time periods specified by the Supreme Court rules (Ill. Rev. Stat. 1977, ch. 110A, pars. 326, 342). According to counsel for plaintiff, the record on appeal was stolen from his car. On the day of oral argument, he filed a "partial record" consisting of copies of the relevant documents that were in the lost record. Although we do not condone a disregard for the rules governing appellate procedure, under the special circumstances of this case, we have, in the exercise of our discretion, chosen to deny defendant's motion to dismiss and to consider the substantive issue presented by this appeal.

For the reasons stated, we affirm the judgment of the Circuit Court of Tazewell County.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.