JAMES WEEKS, Plaintiff-Appellant, *v.* CASIMIR WITEK, d/b/a Ki & John's Tavern, *et al.,* Defendants-Appellees.

(No. 75-2;

Third District—December 4, 1975.

*Rehearing denied January 13, 1976.*

Louis E. Olivero, of Peru, for appellant.

Zwanzig, Lanuti and Martin, of Ottawa (Joseph E. Lanuti, of counsel), for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

James Weeks, plaintiff, filed a suit under the Dram Shop Act against Casimir Witek, d/b/a Ki & John's Tavern, and Robert Fisher, d/b/a Bob's Elbow Room, defendants, for personal injuries sustained when Earl Ristau, the alleged intoxicated person, struck James Weeks in the forehead with a beer bottle. This is an appeal from a judgment entered at the close of plaintiff's case directing a verdict in favor of the defendants.

The only issue raised on this appeal is whether the trial court erred in directing a verdict for the defendants at the close of plaintiff's evidence. It is conceded the rule of *Pedrick v. Peoria and Eastern R.R. Co.*, 37 Ill.2d 494, 229 N.E.2d 504, sets forth the applicable standards and the arguments of the parties include extensive discussions of the evidence and the reasonable inferences to be drawn therefrom.

At about 3 P.M. on September 29, 1972, James Weeks, plaintiff, entered Bob's Elbow Room and sat at the bar. About thirty minutes after James Weeks arrived, his wife, Patricia Weeks, arrived at Bob's Elbow Room and after conversing with her husband for a few minutes, sat on the other side of the bar from him. A short time later Earl Ristau entered the bar. Ristau had been at Ki & John's Tavern earlier and had consumed two bottles of Budweiser. He left Ki & John's and stopped at Bob's Elbow Room around 3 or 4 P.M. The plaintiff had no conversation with Ristau and neither purchased for nor received any alcoholic beverages from him. Ristau sat next to Mrs. Weeks and began to converse with her. Sometime later, around 4:30 or 4:45, Mrs. Earl Ristau entered the tavern. Prior to her arrival, Earl Ristau drank four or five bottles of Budweiser in Bob's Elbow Room. The bartender, Linda Pemberton, testified Weeks' wife was sitting with Earl, whispering to him and getting him upset. After conversing with Mrs. Ristau about his being with Mrs. Weeks, Earl Ristau became perturbed and said, "Why the hell don't you go home." After the argument, Earl Ristau threw a bottle of Budweiser at James Weeks. Weeks had done nothing physical to Ristau to upset him, nor did he talk to Ristau.

James Weeks was seated 15 feet away from Earl Ristau. The beer bottle struck Weeks in the forehead and knocked him off the barstool. Ristau then went around the bar and grabbed Weeks by the shirt. He noticed Weeks was cut on the forehead and was bleeding profusely. Linda Pemberton (the bartender) and the plaintiff testified Ristau had Weeks on the floor in the corner; he was kicking and punching him and

Weeks was full of blood. She stated, "Earl Ristau heard me calling the police and he ran out the door."

Ristau was pulled from Weeks by Weeks' stepson. Kenneth Feeney of the City of La Salle Police Department came to the scene and found Weeks lying on the floor on the east side of the bar "all bloody and cut up." He was placed in an ambulance and taken to St. Mary's Hospital, La Salle.

Weeks was treated by Dr. Fesco who placed stitches in his forehead and then released him. As a result of the assault, Weeks sustained a large bump to the head, experienced headaches and was left with three permanent scars.

Since the trial court directed a verdict in favor of defendants the question we must decide is whether there was sufficient evidence supporting plaintiff's claim to require submitting the issues to the jury. More specifically, the question is whether there was sufficient evidence of Earl Ristau's intoxication, since it appears the trial court concluded there was an absence of such evidence.

■■ Evidence which shows only the consumption of alcoholic beverages is insufficient to show intoxication or the effect of the consumption of such beverages. However, as observed in *Felker v. Bartelme*, 124 Ill.App. 2d 43, 260 N.E.2d 74, evidence the alleged intoxicated person consumed alcoholic beverages, together with evidence of unusual behavior or opinion evidence that he was drunk, would entitle a jury, under such circumstances, to conclude the person was intoxicated.

Concededly, none of the witnesses, including the plaintiff himself, expressed a positive opinion Ristau was intoxicated. However, plaintiff insists there is independent evidence of unusual behavior sufficient to show Ristau was intoxicated. These acts as suggested by plaintiff were: (1) Engaging in a heated argument subsequent to drinking six to seven bottles of beer; (2) Throwing a beer bottle across a crowded tavern at the plaintiff; (3) Beating and kicking the plaintiff while he was lying helplessly on the floor of the defendant's tavern; and, (4) Running out of the tavern after repeatedly beating the plaintiff.

■■ We believe the foregoing acts and conduct did constitute unusual behavior warranting the inference Ristau was intoxicated. (See *Osborn v. Leuffgen*, 381 Ill. 295, 45 N.E.2d 622, wherein somewhat analogous circumstances were deemed sufficient to support the inference of intoxication. See also Illinois Pattern Jury Instructions 2d, No. 105.15, defining intoxication.) This does not mean a jury would be required to find Ristau was intoxicated any more than it would be required to do so where there was opinion evidence of intoxication. The defendants' argument suggesting the described conduct was insufficient to support a conclusion

Ristau was intoxicated generally refers to contrary inferences which might be drawn from the same evidence thereby demonstrating that questions of fact indeed do exist and the issue of intoxication should not have been decided as a matter of law. Accordingly, we believe the trial court erred in directing a verdict in favor of defendants.

For the foregoing reasons the judgment of the circuit court of La Salle County is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Judgment reversed and remanded.

ALLOY and STENGEL, JJ., concur.