RALPH W. VANDERGRIFT

*v.*

EMERSON JOHNSON

(No. 13314)

Decided July 9, 1974.

*Jones, Williams, West & Jones, James C. West, Jr.,* for appellant.

*McWhorter, McNeer & Highland, James E. McNeer* for appellee.

NEELY, JUSTICE:

This is an appeal by plaintiff below from a final order of the Circuit Court of Barbour County dated September 14, 1972 overruling plaintiff's motion for a new trial. Plaintiff's action arose as a result of an automobile accident which occurred on August 5, 1969 when plaintiff was stopped in the southbound lane of traffic on U. S. Route 250 in Philippi, West Virginia. Plaintiff's car was second in line and as plaintiff waited to turn left the defendant descended a hill behind plaintiff's vehicle in a 1958 Cadillac. Defendant put his car in second gear and descended the hill at approximately 20 miles per hour; however, when the defendant tried to apply his brakes to stop, the brakes failed and his car hit the back of another car which was forced into the back of plaintiff's car, which in turn drove plaintiff's car into a truck stopped in traffic

directly in front of plaintiff. Plaintiff introduced evidence that as a result of the accident he was severely injured.

The primary assignment of error is that the court gave defendant's instruction No. 9 over plaintiff's objection. The defendant's instruction No. 9 said:

"While the laws of West Virginia require that a vehicle be equipped with brakes adequate to control the movement of and to stop such vehicle and that such vehicle be kept in good working order and adjustment and in such a safe mechanical condition as not to endanger persons upon the highway, the law of this state nonetheless permits a defendant to overcome the consequences of these statutes by showing that he had regular and periodic inspections of the vehicle as required by law and that he did not have nor could he reasonably have had prior warning that any particular piece of equipment on the vehicle would suddenly fail or become inoperative.

"Therefore, if you believe from the evidence in this case that at all times pertinent hereto the defendant Emerson Johnson had the vehicle in question regularly inspected according to law; that he kept said vehicle in good working order and adjustment and in such a safe mechanical condition as not to endanger persons upon the highway; and that the proximate cause of the collision in question was the sudden failure of the hydraulic braking system of said automobile without prior warning to or anticipation by Emerson Johnson, then, and in that event, you are instructed by this Court that you must return a verdict in favor of the defendant Emerson Johnson."

The plaintiff maintains that this instruction relieved the defendant of the responsibility to comply with the statutory requirements of *W.Va. Code Ann.* 17C-15-31 (1965) and *W.Va. Code Ann.* 17C-16-1 (1951). *W.Va. Code Ann.* 17C-15-31 (1965) says in pertinent part:

"(a) *Brake equipment required.*— (1) Every motor vehicle, other than a motorcycle or motor-driven cycle, when operated upon a highway shall

be equipped with brakes adequate to control the movement of and to stop and hold such vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels. If these two separate means of applying the brakes are connected in any way, they shall be so constructed that failure of any one part of the operating mechanism shall not leave the motor vehicle without brakes on at least two wheels."

*W.Va. Code Ann.* 17C-16-1 (1951) provides:

"No person shall drive or move on any highway any motor vehicle, trailer, semitrailer, or pole trailer, or any combination thereof unless the equipment upon any and every said vehicle is in good working order and adjustment as required in this chapter and said vehicle is in such safe mechanical condition as not to endanger the driver or other occupant or any person upon any highway."

It is well established in this State that violation of a statute is *prima facie* negligence and not negligence *per se. Spurlin v. Nardo,* 145 W.Va. 408, 114 S.E.2d 913 (1960); *Moore v. Skyline Cab, Inc.,* 134 W.Va. 121, 59 S.E.2d 437 (1950); *Morris v. City of Wheeling,* 140 W.Va. 78, 82 S.E. 2d 536 (1954); *Barniak v. Grossman,* 141 W.Va. 760, 93 S.E.2d 49 (1956). Therefore, the failure of a foot brake on a car establishes a presumption of negligence which may be rebutted by competent evidence. However, defendant's instruction No. 9 is a binding instruction based upon defendant's evidence that he inspected his 1958 Cadillac.

It appears from the evidence that the defendant was a professional mechanic, and that he was authorized to inspect automobiles in the State of New York. The defendant testified that the car was in excellent working condition and that he had pulled the wheels, checked the brake linings, checked the wheel cylinders, replaced the brake shoes, replaced the right front wheel cylinder, replaced the two front wheel bearings, placed new tires on the vehicle, and installed four new shock absorbers.

Defendant also introduced expert testimony that a 1958 Cadillac equipped with the normal braking unit for that model car could have brake failure without any prior warning.

Defendant's instruction No. 9 withdrew elements of possible negligence on defendant's part from jury consideration. Mere inspection "according to law" does not necessarily imply a non-negligent inspection, and the jury should have been permitted to evaluate whether the defendant's inspection was reasonable and non-negligent under the evidence.

Plaintiff in the case at bar also assigns as error the admission of testimony by an expert witness, Howard Moffitt, owner of Air Brakes, Inc. in Clarksburg, West Virginia. Plaintiff contends that Mr. Moffitt's evidence concerning the power brake master cylinder unit presumed that the unit on defendant's automobile at the time of the accident was the standard 1958 Cadillac braking system, which was not supported by the evidence.

Mr. Moffitt was called as an expert to show that the accident could have been caused by a sudden, unforeseeable, and unanticipated brake failure, exactly as related by the defendant in his testimony. Mr. Moffitt identified the invoice pertaining to the repair of the power brake master cylinder on defendant's automobile, and testified that the invoice showed the specific major repair kit used to repair defendant's brake mechanism. Mr. Moffitt then testified with regard to the parts in the repair kit. This testimony was relevant and admissible as it could reasonably be inferred that those parts used in the repair kit replaced similar specific parts which were on the vehicle at the time of the collision. Mr. Moffitt's testimony taken together with that of the defendant had the value of demonstrating the mechanics by which the accident could have occurred through unforeseeable brake failure. Accordingly, as Mr. Moffitt's testimony was concerned primarily with the general features of a 1958 Cadillac braking system, and as there was evidence that this was

the type of system which was on defendant's automobile, this Court finds no error in the introduction of Mr. Moffitt's testimony.

For the reasons previously stated concerning the error in defendant's instruction No. 9, the judgment of the Circuit Court of Barbour County is reversed and the case is remanded for a new trial.

*Reversed and remanded.*