394 S.E.2d 61

**David S. ANDERSON, Administrator of the Estate of Sean David Anderson, Deceased, Plaintiff,**

v.

**David Scott MOULDER, Mercer Wholesale Company, a West Virginia Corporation, and William R. Keesee, III, Defendants.**

**and**

**David S. ANDERSON, Administrator of the Estate of Sean David Anderson, Deceased, Plaintiff,**

v.

**David Scott MOULDER, Defendant and Third–Party Plaintiff,**

v.

**MERCER WHOLESALE COMPANY, a West Virginia Corporation, Third–Party Defendant.**

**No. 19246.**

Supreme Court of Appeals of West Virginia.

May 18, 1990.

er's injuries are a proximate result of the sale.

Anthony R. Veneri, Princeton, for David S. Anderson.

Ben B. White, III, Princeton, for David Scott Moulder.

David L. White, Sanders, Watson & White, David Katz, Bluefield, for William R. Keesee, III and Mercer Wholesale Co.

MILLER, Justice:

This case comes before us upon certified questions from the Circuit Court of Mercer County pursuant to W.Va. Code, 58–5–2 (1967) and Rule 3(b) of the West Virginia Rules of Appellate Procedure. The principal issue is whether the sale of beer to a minor by a licensed vendor gives rise to a civil action against such vendor for injuries suffered by the underage purchaser as a result of his own or another's intoxication. We conclude that such a cause of action does exist and that damages may be recovered from the vendor where the purchas-

## I.

The stipulated facts are rather brief. On September 1, 1988, and again on September 2, 1988, William R. Keesee, III, an employee and agent of Mercer Wholesale Company, a licensed beer distributorship, allegedly sold a keg of beer to seventeen-year-old Sean David Anderson. On September 5, 1988, Anderson died in an automobile accident while a passenger in a vehicle driven by eighteen-year-old David Scott Moulder. Both Anderson and Moulder were allegedly intoxicated at the time of the accident due to their consumption of the beer Anderson purchased from Keesee.

Anderson's estate instituted a wrongful death action in the Circuit Court of Mercer County against Moulder, Mercer Wholesale Company, and Keesee.[1] In April, 1989, Mercer Wholesale Company and Keesee (the licensees) moved to dismiss the claims against them on the ground that the pleadings failed to state a claim upon which relief could be granted. W.Va.R.Civ.P. 12(b)(6).

The circuit court subsequently certified to us the following questions: (1) whether the sale of beer to Anderson in violation of the Nonintoxicating Beer Act,[2] W.Va. Code, 11–16–1, et seq., gave rise to a cause of action against the licensees; (2) whether the sale of beer to Anderson gave rise to a common law negligence action against the licensees; (3) whether the doctrine of complicity precludes recovery by Anderson's estate; and (4) whether the sale of the beer to Anderson could have been found to have been the proximate cause of his death.[3]

---

1. Moulder also filed a third-party complaint against Mercer Wholesale Company and a cross-claim against Mercer Wholesale Company and Keesee.

2. Although the statute refers to "nonintoxicating beer," we held in *Payne v. Kinder*, 147 W.Va. 352, 373, 127 S.E.2d 726, 740 (1962), that this label "merely classifies it ... for the purpose of authorizing and regulating its manufacture and sale in this State and facilitating the enforcement and collection of the license tax imposed." In Syllabus Point 16 of *Payne*, we concluded:

"The question whether the driver of an automobile of a defendant was under the influence of intoxicating liquor by reason of his consumption of beer declared by statute to be nonintoxicating depends upon and is determined by the evidence and is not controlled by the legislative declaration that such beer is nonintoxicating."

3. *The certified questions read as follows:*

"(1) Whether the Estate of a minor killed as a result of alcohol intoxication has a private cause of action against the person or entity

The circuit court answered all of the questions, except (3), in the affirmative. We will address these questions in the order posed.

## II.

### Breach of Statutory Duty

At common law, it was recognized that the sale of liquor to ordinary able-bodied men did not give rise to any civil liability against the vendor for injuries caused by intoxication, the reason being that the drinking of the liquor, and not the selling of it, was viewed as the proximate cause of any subsequent injury. *E.g., Carr v. Turner*, 238 Ark. 889, 385 S.W.2d 656 (1965); *Ling v. Jan's Liquors*, 237 Kan. 629, 703 P.2d 731 (1985); *Holmes v. Circo*, 196 Neb. 496, 244 N.W.2d 65 (1976); *Hamm v. Carson City Nugget, Inc.*, 85 Nev. 99, 450 P.2d 358 (1969). *See generally* 45 Am.Jur. 2d *Intoxicating Liquors* § 553 (1969); 48A C.J.S. *Intoxicating Liquors* § 428 (1981); Annot., 98 A.L.R.3d 1230 (1980); Annot., 97 A.L.R.3d 528 (1980).

To ameliorate this hardship in the common law, many jurisdictions enacted statutes, common known as "civil damage acts" or "dramshop acts," which imposed on vendors of intoxicants civil liability for injuries sustained by third parties as a con-

sequence of the purchaser's intoxication.[4] *See generally* 45 Am.Jur.2d *Intoxicating Liquors* § 561; 48A C.J.S. *Intoxicating Liquors* § 429. In *Duckworth v. Stalnaker*, 68 W.Va. 197, 203, 205, 69 S.E. 850, 852, 853 (1910), the Court recognized that our former dramshop act[5] "created a right of action which did not exist at the common law," giving

> "a person 'who shall be injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person,' a right of action against the person who unlawfully sold, or gave, the intoxicating liquor to such intoxicated person, which contributed in whole or in part to his intoxication."

The legislature repealed our dramshop act in 1935. *See* 1935 W.Va. Acts ch. 4. The licensees contend that, as a consequence, the common law rule of nonliability applies in this case. We do not agree.

W.Va. Code, 55–7–9 (1923), expressly authorizes civil liability based on a violation of statute: "Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed, unless the same be expressly mentioned to be in lieu of such damages." We have consistently stated

selling him the beverage in violation of a statute due to West Virginia Code § 55–7–9.

"(2) Whether the Estate of a minor who is killed due to alcohol intoxication has a common law cause of action against the person or entity selling him the beverage.

"(3) Whether, under the facts stated, this action is barred as a matter of law by the doctrine of complicity as to either defendant or both, including cross-claims and third-party claims.

"(4) Whether the unlawful sale of beer may be considered a proximate cause of [the] death complained of, under the facts stated."

4. In note 2 of Note, *Comparative Negligence and Dram Shop Laws: Does* Buckley v. Pirolo *Sound Last Call for Holding New Jersey Liquor Vendors Liable for the Torts of Intoxicated Persons?*, 62 Notre Dame L.Rev. 238 (1987), the following states are listed as having dramshop acts in effect:

"Ala.Code § 6–5–71 (1975); Colo.Rev.Stat. § 13–21–103 (1973); Conn.Gen.Stat.Ann.

§ 30–102 (West 1975); Del.Code Ann. tit. 4, § 713 (1974 & Supp.1980); Ill.Ann.Stat. ch. 43, para. 135–136 (Smith–Hurd Supp.1980–81); Iowa Code Ann. § 123.92 (West Supp. 1980–81); La.Rev.Stat.Ann. § 26.683 (West 1975); Me.Rev.Stat.Ann. tit. 17, § 2002 (1964); Mich.Comp.Laws Ann. § 436.22 (West 1978); Minn.Stat.Ann. § 340.95 (West Supp.1980); N.Y.Gen.Oblig.Law § 11–101 (McKinney 1978 & Supp.1980–81); N.D.Cent.Code § 5–01–06 (1975); Ohio Rev.Code Ann. § 4399.01 (Anderson 1973); R.I.Gen.Laws § 3–11–1 (1976); Vt.Stat.Ann. tit. 7, § 501 (1972); Wis. Stat.Ann. § 176.35 (West Supp.1980–81).

"Also, the District of Columbia has a dram shop statute located at D.C.Code Ann. § 25–121 (Supp.1986)."

5. The first civil damage act in West Virginia was enacted by 1872–73 W.Va. Acts ch. 99, § 6. This provision was codified in the 1906 Code at ch. 32, § 26 and in the 1931 Code at 60–1–22. The provision was repealed by 1935 W.Va. Acts ch. 4.

that violation of a statute is *prima facie* evidence of negligence. *E.g., Price v. Halstead,* 177 W.Va. 592, 355 S.E.2d 380, 64 A.L.R.4th 255 (1987); *Vandergrift v. Johnson,* 157 W.Va. 958, 206 S.E.2d 515 (1974); *Kretzer v. Moses Pontiac Sales, Inc.,* 157 W.Va. 600, 201 S.E.2d 275 (1973); *Lewis v. McIntire,* 150 W.Va. 117, 144 S.E.2d 319 (1965); *Spurlin v. Nardo,* 145 W.Va. 408, 114 S.E.2d 913 (1960); *Somerville v. Dellosa,* 133 W.Va. 435, 56 S.E.2d 756 (1949); *Porterfield v. Sudduth,* 117 W.Va. 231, 185 S.E. 209 (1936). In order to be actionable, such violation must be the proximate cause of the injury. *Jenkins v. J.C. Penney Casualty Ins. Co., Inc.,* 167 W.Va. 597, 280 S.E.2d 252 (1981); *Flanagan v. Mott,* 145 W.Va. 220, 114 S.E.2d 331 (1960); *Powell v. Mitchell,* 120 W.Va. 9, 196 S.E. 153 (1938).

■ W.Va. Code, 11–16–18(a)(3), makes it unlawful for a licensee to sell beer to a person under the age of twenty-one.[6] There is a growing trend in other jurisdictions to predicate vendor liability on violations of similar statutes.[7] *See* 45 Am. Jur.2d *Intoxicating Liquors* § 555; 48A C.J.S. *Intoxicating Liquors* §§ 432–34 at 143–45 and 146–48. Most jurisdictions agree that by enacting statutes prohibiting sales of alcoholic beverages to minors,[8] the legislature intended to protect both the underage purchaser and the public in general from the consequences of such illegal sales. *E.g., Morris v. Farley Enters., Inc.,* 661 P.2d 167 (Alaska 1983); *Migliore v. Crown Liquors of Broward, Inc.,* 448 So.2d 978 (Fla.1984); *Davis v. Shiappacossee,* 155 So.2d 365 (Fla.1963); *Garcia v. Jennings,* 427 So.2d 1329 (La.App.1983); *Michnik–Zilberman v. Gordon's Liquor, Inc.,* 390 Mass. 6, 453 N.E.2d 430 (1983); *Trail v. Christian,* 298 Minn. 101, 213 N.W.2d 618 (1973); *Rappaport v. Nichols,* 31 N.J. 188, 156 A.2d 1, 75 A.L.R.2d 821 (1959); *Matthews v. Konieczny,* 515 Pa. 106, 527 A.2d 508 (1987); *Purchase v. Meyer,* 108 Wash.2d 220, 737 P.2d 661 (1987). *See generally* Annot., 98 A.L.R.3d 528, §§ 10(a), 13(a). As the Tennessee Supreme Court stated in *Brookings v. The Round Table, Inc.,* 624 S.W.2d 547, 550 (Tenn. 1981), the statutory prohibitions protect "minors as a class in recognition of their susceptibilities and the intensification of dangers inherent in the consumption of alcoholic beverages, when consumed by a person lacking in maturity and responsibility." *See Davis v. Shiappacossee, supra; Holmquist v. Miller,* 352 N.W.2d 47 (Minn. App.1984), *rev'd on other grounds,* 367 N.W.2d 468 (Minn.1985); *Rappaport v. Nichols, supra; McClellan v. Tottenhoff,* 666 P.2d 408 (Wyo.1983).

We see no reason that this principle should not apply here. W.Va. Code, 11–16–2, sets out the policy of the Nonintoxicating Beer Act:

"[T]he provisions of this article are a necessary, proper and valid exercise of the police powers of this state and are intended for the protection of the public safety, welfare, health, peace and morals and are further intended to eliminate, or

---

**6.** W.Va. Code, 11–16–18, provides, in pertinent part:

"(a) It shall be unlawful:

\* \* \* \* \* \*

"(3) For any licensee, his, her, its or their servants, agents or employees, to sell, furnish or give any nonintoxicating beer as defined in this article to any person who is less than twenty-one years of age[.]"

**7.** In *Bailey v. Black,* 183 W.Va. 74, 394 S.E.2d 58, we recognized that a violation of W.Va. Code, 60–7–12(a)(4) (1986), making sales of alcohol to intoxicated persons illegal, gave rise to an action against the vendor for personal injuries suffered by third persons as a result of such illegal sale. Syllabus Point 1 of *Bailey* reads:

"*W.Va.Code,* 55–7–9 [1923], recognizing a cause of action in tort for the violation of a statute, and *W.Va.Code,* 60–7–12 [1986], making it illegal for a licensee to sell alcohol to intoxicated persons, read together, create a tort action against a licensee for personal injuries caused by the licensee's selling alcohol to anyone who is 'physically incapacitated' from drinking."

**8.** The age of majority in West Virginia is eighteen. *See* W.Va.Code, 2–2–10(aa) (1989); 2–3–1 (1974). The legal drinking age is set at twenty-one in compliance with "the mandate established by the Surface Transportation Assistance Act of 1982 relating to National Uniform Drinking Age of twenty-one as found in section six of Public Law 98–363[.]" W.Va.Code, 11–16–19. For purposes of convenience, we use the term "minor" throughout this opinion to refer to one who has not attained the legal drinking age.

to minimize to the extent practicable, the evils attendant to the unregulated ... and unlawful ... sale, distribution, ... and consumption of such beverages and are further intended to promote temperance in the use and consumption thereof."

The prohibition against selling beer to persons under the age of twenty-one represents a legislative determination that because of their immaturity, such persons are less capable of handling the intoxicative and addictive effects of alcohol and, therefore, present a danger to themselves and to others. The underage purchaser injured as a result of the commercial vendor's unlawful sale of beer is clearly within the class of persons the statute is intended to protect.[9] *See Morris v. Farley Enters., Inc., supra; Davis v. Shiappacossee, supra; Garcia v. Jennings, supra; Munford, Inc. v. Peterson,* 368 So.2d 213 (Miss.1979); *Bissett v. DMI, Inc.,* 220 Mont. 153, 717 P.2d 545 (1986); *Stambach v. Pierce,* 136 A.D.2d 329, 527 N.Y.S.2d 145 (1988); *Smith v. Clark,* 411 Pa. 142, 190 A.2d 441 (1963).

We conclude, therefore, that the sale of beer to a person under twenty-one years of age in violation of W.Va. Code, 11–16–18(a)(3), gives rise to a cause of action against the vendor in favor of a purchaser or a third party injured as a proximate result of the unlawful sale. Accordingly, we answer the first certified question in the affirmative.

As we noted, however, the violation of a statute such as W.Va. Code, 11–16–18(a)(3), is only *prima facie* evidence of negligence. In Syllabus Point 2 of *Spurlin v. Nardo, supra,* we explained what that means:

" 'A *prima facie* case of actionable negligence is that state of facts which will support a jury finding that the defendant was guilty of negligence which was the proximate cause of plaintiff's injuries, that is, it is a case that has proceeded upon sufficient proof to the stage where it must be submitted to a jury and not decided against the plaintiff as a matter of law.' Pt. 6, syllabus, *Morris v. City of Wheeling,* 140 W.Va. 78 [82 S.E.2d 536 (1954) ]."

A licensee who sells beer to a minor in violation of W.Va. Code, 11–16–18(a)(3), may rebut the *prima facie* showing of negligence by demonstrating that the purchaser appeared to be of age and that the vendor used reasonable means of identification to ascertain his age. *Brannigan v. Raybuck,* 136 Ariz. 513, 667 P.2d 213 (1983); *Michnik–Zilberman v. Gordon's Liquor, Inc., supra. See Davis v. Shiappacossee, supra; Rappaport v. Nichols, supra; Matthews v. Konieczny, supra; Young v. Caravan Corp.,* 99 Wash.2d 655, 663 P.2d 834, *modified on other grounds,* 672 P.2d 1267 (Wash.1983); *Sorenson v. Jarvis,* 119 Wis.2d 627, 350 N.W.2d 108 (1984). Whether the licensee was negligent in making the sale is a question of fact that ordinarily must be resolved by a jury. *See McAllister v. Weirton Hosp. Co.,* 173 W.Va. 75, 312 S.E.2d 738 (1983); *Adams v. Sparacio,* 156 W.Va. 678, 196 S.E.2d 647 (1973).

We also point out that W.Va. Code, 11–16–18(a)(3), prohibits sales by "any licensee, his, her, its or their servants, agents or employees." For purposes of this statute, the term "licensee" includes brewers or manufacturers, distributors,

---

**9.** In Syllabus Point 1 of *Jenkins v. J.C. Penney Casualty Insurance Co., supra,* we evolved some guidelines to determine whether a violation of a statute gives rise to a private cause of action:

" 'The following is the appropriate test to determine when a State statute gives rise by implication to a private cause of action: (1) the plaintiff must be a member of the class for whose benefit the statute was enacted; (2) consideration must be given to legislative intent, express or implied, to determine whether a private cause of action was intended; (3) an

analysis must be made of whether a private cause of action is consistent with the underlying purposes of the legislative scheme; and (4) such private cause of action must not intrude into an area delegated exclusively to the federal government.' Syllabus Point 1, *Hurley v. Allied Chemical Corp.,* 164 W. Va. 268, 262 S.E.2d 757 (1980)."

*See United Steelworkers of Am., AFL–CIO, CLC v. Tri–State Greyhound Park,* 178 W.Va. 729, 364 S.E.2d 257 (1987). This test is not substantially different from the test set forth in Section 286 of the *Restatement (Second) of Torts* (1965).

and retailers. *See* W.Va. Code, 11–16–3; 11–16–5; 11–16–18. The licensee is as responsible as the agent or employee who actually sold the beer unlawfully. *See Duckworth v. Stalnaker, supra.* Persons who are neither licensees nor agents or employees of licensees under the Nonintoxicating Beer Act are not subject to civil liability based on a violation of W.Va. Code, 11–16–18(a)(3).[10]

## III.

### *Common Law Cause of Action*

Having determined that a common law negligence action against the licensees arises by virtue of their alleged violation of the Nonintoxicating Beer Act, it is not necessary for us to address the second certified question, i.e., whether a common law cause of action exists against the licensees independent of the alleged statutory violation. As we stated in Syllabus Point 7 of *Shell v. Metropolitan Life Insurance Co.,* 181 W.Va. 16, 380 S.E.2d 183 (1989):

> " 'In a certified case, this Court will not consider certified questions not necessary to a decision of the case.' Syllabus Point 6, *West Virginia Water Serv. Co. v. Cunningham,* 143 W.Va. 1, 98 S.E.2d 891 (1957)."

*See Lee v. Saliga,* 179 W.Va. 762, 373 S.E.2d 345 (1988); *Gardner v. Norfolk & W. Ry. Co.,* 179 W.Va. 724, 372 S.E.2d 786 (1988), *cert. denied,* 489 U.S. 1016, 109 S.Ct. 1132, 103 L.Ed.2d 193 (1989); *Deeds v. Lindsey,* 179 W.Va. 674, 371 S.E.2d 602 (1988); *Sitzes v. Anchor Motor Freight, Inc.,* 169 W.Va. 698, 289 S.E.2d 679 (1982); *City of Fairmont v. Retail, Wholesale, & Dep't Store Union, AFL–CIO,* 166 W.Va. 1, 283 S.E.2d 589 (1980).

We note, however, that some jurisdictions have rejected the common law rule of nonliability and found a cause of action to exist even in the absence of a breach of a statutory duty. *E.g., Waynick v. Chicago's Last Dep't Store,* 269 F.2d 322, 77 A.L.R.2d 1260 (7th Cir.1959), *cert. denied,* 362 U.S. 903, 80 S.Ct. 611, 4 L.Ed.2d 554

(1960); *Brannigan v. Raybuck, supra; Ontiveros v. Borak,* 136 Ariz. 500, 667 P.2d 200 (1983); *Vesely v. Sager,* 5 Cal.3d 153, 95 Cal.Rptr. 623, 486 P.2d 151 (1971); *Elder v. Fisher,* 247 Ind. 598, 217 N.E.2d 847 (1966); *Trail v. Christian,* 298 Minn. 101, 213 N.W.2d 618 (1973); *Sorenson v. Jarvis,* 119 Wis.2d 627, 350 N.W.2d 108 (1984). *See* 48A C.J.S. *Intoxicating Liquors* § 428 at 135–36; Annot., 98 A.L.R.3d 1230, §§ 3–5; Annot., 97 A.L.R.3d 528, §§ 3–5.

## IV.

### *Doctrine of Complicity*

The third certified question concerns the applicability of the doctrine of complicity. The doctrine may be stated as follows: One who actively contributes to the intoxication of another is barred from recovering damages under a dramshop act for injuries caused by such intoxication. *E.g., Nelson v. Araiza,* 69 Ill.2d 534, 14 Ill.Dec. 441, 372 N.E.2d 637 (1978); *Martin v. Heddinger,* 373 N.W.2d 486 (Iowa 1985); *Martinson v. Monticello Mun. Liquors,* 297 Minn. 48, 209 N.W.2d 902 (1973). *See Jackson v. PKM Corp.,* 430 Mich. 262, 422 N.W.2d 657 (1988); *Mitchell v. Shoals, Inc.,* 19 N.Y.2d 338, 280 N.Y.S.2d 113, 227 N.E.2d 21, 26 A.L.R.3d 1107 (1967); *Miller v. City of Portland,* 288 Or. 271, 604 P.2d 1261 (1980). *See generally* 45 Am.Jur.2d *Intoxicating Liquors* § 591; 48A C.J.S. *Intoxicating Liquors* § 441 at 155–57; Annot., 26 A.L.R.3d 1112 (1969).

The complicity doctrine obtains primarily in jurisdictions with dramshop acts, which ordinarily preclude recovery by the intoxicated person. Where an injured third person has been actively engaged in bringing about the intoxication of the person who caused his injuries, his recovery is barred as well on the grounds that "one cannot profit from his own wrong and a person who participates in the drinking activities is not an innocent person entitled to protection under the dramshop act." *Berge v. Harris,* 170 N.W.2d 621, 625 (Iowa 1969).

---

10. There are, however, other statutes, the violation of which may impose civil liability on other persons in other situations. *See* W.Va. Code, 60–3–22(1) (1986); 60–3–22a(b); 60–7–12(a)(3) (1986); 60–7–12a(b); 60–8–20(c) (1986); 60–8–20a(b).

*See Pollard v. Village of Ovid,* 180 Mich. App. 1, 446 N.W.2d 574 (1989); *Herrly v. Muzik,* 374 N.W.2d 275 (Minn.1985).

■ Here, however, the cause of action is based on common law negligence principles arising out of the violation of a statute and not on a dramshop act. The complicity doctrine does not apply to negligence litigation. *Morris v. Farley Enters., Inc.,* 661 P.2d 167 (Alaska 1983); *Sage v. Johnson,* 437 N.W.2d 582 (Iowa 1989). *See Nelson v. Araiza, supra; Craig v. Larson,* 432 Mich. 346, 439 N.W.2d 899 (1989); *Herrly v. Muzik, supra.* To hold otherwise would render meaningless the vendor's statutory obligation to protect the underage purchaser from the effects of alcoholic beverages. *Morris v. Farley Enters., Inc., supra.*

This is not to say that the fault of an injured underage purchaser of alcoholic beverages may never be considered in a civil action against the vendor. A number of jurisdictions have concluded, without extended discussion and without mentioning the doctrine of complicity, that comparative negligence principles are applicable in civil actions brought against a commercial vendor as a result of illegal sales of intoxicating beverages to minors. *Sagadin v. Ripper,* 175 Cal.App.3d 1141, 221 Cal.Rptr. 675

(1985); *Bissett v. DMI, Inc.,* 220 Mont. 153, 717 P.2d 545 (1986); *Matthews v. Konieczny,* 515 Pa. 106, 527 A.2d 508 (1987); *Munford, Inc. v. Peterson,* 368 So.2d 213 (Miss.1979); *Montgomery v. Orr,* 130 Misc.2d 807, 498 N.Y.S.2d 968 (1986); *Young v. Caravan Corp.,* 99 Wash.2d 655, 663 P.2d 834, *modified on other grounds,* 672 P.2d 1267 (Wash.1983); *Sorenson v. Jarvis,* 119 Wis.2d 627, 350 N.W.2d 108 (1984).

We believe this view is compatible with our tort law. In *Bradley v. Appalachian Power Co.,* 163 W.Va. 332, 256 S.E.2d 879 (1979), we rejected the common law view that the plaintiff's contributory negligence was always an absolute bar to recovery in favor of the doctrine of comparative contributory negligence.[11]

■ Thus, we conclude that the doctrine of complicity does not bar an injured minor's civil action against a licensee for selling beer to such minor in violation of W.Va. Code, 11–16–18(a)(3). However, the underage purchaser's contributory negligence, if proven to be a proximate cause of his injuries, may be taken into consideration at the trial of such action.[12] The clearest example of such contributory negligence occurs when an underage purchaser

**11.** In Syllabus Point 3 of *Bradley,* we stated: "A party is not barred from recovering damages in a tort action so long as his negligence or fault does not equal or exceed the combined negligence or fault of the other parties involved in the accident."

**12.** Some jurisdictions refuse to allow any consideration of the purchaser's contributory fault in reliance on the "exceptional statutes doctrine" which is stated in Section 483 of the *Restatement (Second) of Torts* (1965): "The plaintiff's contributory negligence bars his recovery for the negligence of the defendant consisting of the violation of a statute, unless the effect of the statute is to place the entire responsibility for such harm as has occurred upon the defendant." *See Booth v. Abbey Road Beef & Booze, Inc.,* 532 So.2d 1288 (Fla.App.1988), *review denied,* 542 So.2d 1332 (Fla.1989); *Chausse v. Southland Corp.,* 400 So.2d 1199 (La.App.), *writs denied,* 404 So.2d 278, 404 So.2d 497, 404 So.2d 498 (La.1981); *Zerby v. Warren,* 297 Minn. 134, 210 N.W.2d 58 (1973); *Soronen v. Olde Milford Inn, Inc.,* 46 N.J. 582, 218 A.2d 630 (1966). *See generally Prosser & Keaton on the*

*Law of Torts* § 65 at 461–62 (5th ed. 1984); W. Prosser, *Contributory Negligence as Defense to Violation of Statute,* 32 Minn.L.Rev. 105, 118–19 (1948).

These jurisdictions apparently do not have statutes similar to W.Va.Code, 11–16–19(a), and W.Va.Code, 60–7–12a (1986), which make it unlawful to misrepresent one's age in order to purchase beer and to attempt illegally to purchase beer or alcoholic liquors. *See* notes 13 and 14, *infra.* These statutes indicate that the legislature intended to place some responsibility on the underage purchaser. For this reason, we do not believe the exceptional statute doctrine applies to W.Va. Code, 11–16–18(a)(3). *See Munford, Inc. v. Peterson, supra.* Moreover, we note that this doctrine developed in conjunction with the defense of contributory negligence, which denied any right of recovery even if the plaintiff were only slightly at fault. With our adoption of comparative contributory negligence, the same considerations do not exist. *See Del E. Webb Corp. v. Superior Court,* 151 Ariz. 164, 726 P.2d 580 (1986); *Sagadin v. Ripper, supra;* W. Prosser, 32 Minn.L.Rev. at 127–28.

buys beer in violation of W.Va. Code, 11–16–19(a) [13] and W.Va. Code, 60–7–12a (1986),[14] becomes intoxicated, and is injured driving an automobile while under the influence. Such misconduct would be evidence of the minor driver's negligence and would entitle the vendor to assert comparative contributory negligence as a defense in a civil action brought by the injured minor.[15]

In this case, however, Anderson was a passenger and not the driver of the vehicle.[16] We recognized, in Syllabus Point 12 of *Price v. Halstead*, 177 W.Va. 592, 355 S.E.2d 380, 64 A.L.R.4th 255 (1987), that a passenger who contributes to the driver's intoxication could be held liable for resulting injuries to a third party:

"A passenger may be found liable for injuries to a third party caused by the intoxication of the driver of the vehicle in which he is riding, if the following conditions are met: (1) the driver was operating his vehicle under the influence of alcohol or drugs which proximately caused the accident resulting in the third party's injuries, and (2) the passenger's conduct substantially encouraged or assisted the driver's alcohol or drug impairment."

Logic dictates that where the passenger is the injured party and sues a commercial vendor for negligently providing intoxicating beverages to the driver, the vendor should be able to assert that the passenger was contributorily negligent in substantially assisting, encouraging, or contributing to the driver's intoxication. Thus, if Anderson would have been liable to a third party injured in the accident under *Price*, he may be held contributorily negligent with respect to the licensees in the action below.

13. W.Va. Code, 11–16–19(a), provides, in relevant part:

"Any person under the age of twenty-one years who, for the purpose of purchasing nonintoxicating beer, misrepresents his or her age, or who for such purpose presents or offers any written evidence of age which is false, fraudulent or not actually his or her own, or who illegally attempts to purchase nonintoxicating beer, is guilty of a misdemeanor[.]"

14. W.Va. Code, 60–7–12a, provides, in relevant part:

"Any person under the age of twenty-one years who, for the purpose of purchasing nonintoxicating beer or alcoholic liquors from a licensee, misrepresents his or her age, or who for such purpose presents or offers any written evidence of age which is false, fraudulent or not actually his or her own, or who illegally attempts to purchase nonintoxicating beer or alcoholic liquors from a licensee, is guilty of a misdemeanor[.]"

15. To obtain the benefit of the defense, the vendor must also prevail on the issue of causation, i.e., whether the driver's intoxication contributed to the accident which resulted in his injuries. *Rappaport v. Nichols, supra; Thompson v. Victor's Liquor Store, Inc.*, 216 N.J.Super. 202, 523 A.2d 269 (1987); *Sorenson v. Jarvis, supra.*

16. Anderson's acceptance of a ride with Moulder might afford Moulder a contributory negligence defense on the theory stated in the Syllabus of *Hurt v. Gwinn*, 142 W.Va. 259, 95 S.E.2d 248 (1956):

"Where an invited guest in an automobile knows, or in the circumstances should know, that the driver of the automobile, at the time of his driving, engages in drinking intoxicating liquor to an extent likely to affect the manner of the driving, and the guest voluntarily continues a passenger after having had reasonable opportunity to leave the automobile, he is guilty of contributory negligence, and is denied any right of recovery as to injuries resulting from the negligence of the driver fairly attributable to the drinking of the driver."

As we have already noted, the absolute bar of contributory negligence stated in *Hurt* has been replaced by the rule of comparative contributory negligence stated in *Bradley, supra.*

However, the contributory negligence of an intoxicated driver is generally not a defense to an action brought against the vendor by an injured passenger. *See* 48A C.J.S. *Intoxicating Liquors* § 441 at 157. In Syllabus Point 9, in part, of *Price v. Halstead*, 177 W.Va. 592, 355 S.E.2d 380, 64 A.L.R.4th 255 (1987), we stated the traditional rule that "there is no liability on the part of occupants of a vehicle for the negligence of the driver in the absence of a special relationship such as a joint enterprise or venture or master-servant." *See also* Syllabus Point 1, *Blackburn v. Smith*, 164 W.Va. 354, 264 S.E.2d 158 (1980); Syllabus Point 7, *Frampton v. Consolidated Bus Lines*, 134 W.Va. 815, 62 S.E.2d 126 (1950). In the absence of such a special relationship, the licensees would not be able to impute Moulder's negligence to Anderson.

We therefore conclude that the doctrine of complicity is not available to bar a civil action premised on a licensee's sale of beer to a minor in violation of W.Va. Code, 11–16–18(a)(3). Accordingly, we answer the third certified question in the negative. We do, however, conclude that where the underage purchaser facilitates the intoxication of one who contributes to the purchaser's injury, the vendor may, in certain circumstances, raise the defense of comparative contributory negligence.[17]

 Whether and to what extent the plaintiff in a civil action was contributorily negligent are ordinarily questions of fact to be resolved by the jury. *Reager v. Anderson*, 179 W.Va. 691, 371 S.E.2d 619, 621 (1988); *Brammer v. Taylor*, 175 W.Va. 728, 338 S.E.2d 207 (1985); *Bradley v. Appalachian Power Co., supra.* In Syllabus Point 2 of *Reager v. Anderson, supra*, we stated:

> "In a comparative negligence or causation action the issue of apportionment of negligence or causation is one for the jury or other trier of the facts, and only in the clearest of cases where the facts are undisputed and reasonable minds can draw but one inference from them should such issue be determined as a matter of law. The fact finder's apportionment of negligence or causation may be set aside only if it is grossly disproportionate."

Because the ultimate issues in this case have not yet been submitted to a factfinder for determination, we decline to address in this proceeding whether the plaintiff's decedent was, in fact, guilty of comparative contributory negligence.

## V.

### *Proximate Cause*

Finally, we consider the proximate cause issue. Specifically, we address whether, in view of the facts presented, the licensees' unlawful sale of the beer could ever be considered the legal cause of Anderson's death.

 Syllabus Points 4 and 5 of *Haddox v. Suburban Lanes, Inc.*, 176 W.Va. 744, 349 S.E.2d 910 (1986), contain several principles relating to proximate cause:

> "4. 'To be actionable, negligence must be the proximate cause of the injury complained of and must be such as might have been reasonably expected to produce an injury.' Syl. Pt. 3, *Hartley v. Crede*, 140 W. Va. 133, 82 S.E.2d 672 (1954).
>
> "5. 'A person is not liable for damages which result from an event which was not expected and could not reasonably have been anticipated by an ordinarily prudent person.' Syl. Pt. 6, *Puffer v. Hub Cigar Store*, 140 W. Va. 327, 84 S.E.2d 145 (1954)."

Generally, when a vendor negligently sells intoxicating beverages to a minor, it is foreseeable that such minor will consume all or part of such beverages, become intoxicated, and, as a result, injure himself or a third party. *See Brannigan v. Raybuck*, 136 Ariz. 513, 667 P.2d 213 (1983); *Bissett v. DMI, Inc.*, 220 Mont. 153, 717 P.2d 545 (1986); *Migliore v. Crown Liquors of Broward, Inc.*, 448 So.2d 978 (Fla.1984); *Michnik–Zilberman v. Gordon's Liquor, Inc.*, 390 Mass. 6, 453 N.E.2d 430 (1983); *McClellan v. Tottenhoff*, 666 P.2d 408 (Wyo.1983); *Rappaport v. Nichols*, 31 N.J. 188, 156 A.2d 1, 75 A.L.R.2d 821 (1959). Here, however, it was Moulder, not Anderson, whose consumption of the beer and subsequent intoxication allegedly resulted in the injury. The licensees contend that Anderson's act of sharing the beer he purchased with Moulder and Moulder's act

---

17. Our comparative contributory negligence rule with regard to minors is still subject to our traditional rule stated in Syllabus Point 5 of *Ewing v. Lanark Fuel Co.*, 65 W.Va. 726, 65 S.E. 200 (1909):

> "An infant, 14 years of age or over, is presumed to possess sufficient mental capacity to comprehend and avoid danger, and if he relies on his want of such capacity the burden of proving it is on him; but if under the age of 14, he is presumed not to possess such capacity, and in an action by him for negligently causing his injury the burden of proving his capacity is on the defendant."

See *Miller v. Warren*, 182 W.Va. 560, 390 S.E.2d 207 (1990); *French v. Sinkford*, 132 W.Va. 66, 54 S.E.2d 38 (1948); *Pierson v. Liming*, 113 W.Va. 145, 167 S.E. 131 (1932).

of voluntary intoxication were intervening or superceding causes which relieved them of any liability for the allegedly unlawful sale.

The general rule in this regard is that a tortfeasor whose negligence is a substantial factor in bringing about injuries is not relieved from liability by the intervening acts of third persons if those acts were reasonably foreseeable by the original tortfeasor at the time of his negligent conduct. *See Byrd v. Rector*, 112 W.Va. 192, 163 S.E. 845, 81 A.L.R. 1213 (1932), *overruled on other grounds, State ex rel. Payne v. Walden*, 156 W.Va. 60, 190 S.E.2d 770 (1972). *See generally Prosser & Keeton on the Law of Torts* § 44 at 303–06; 57A Am.Jur.2d *Negligence* § 620 *et seq.* (1989). In *Rappaport v. Nichols*, 31 N.J. at 204–05, 156 A.2d at 10, 75 A.L.R.2d at 832, the New Jersey Supreme Court stated the rationale for the rule, quoting from *Menth v. Breeze Corp., Inc.*, 4 N.J. 428, 441–42, 73 A.2d 183, 189, 18 A.L.R.2d 1071, 1078–79 (1950):

" '[T]he original negligence continues and operates contemporaneously with an intervening act which might reasonably have been anticipated so that the negligence can be regarded as a concurrent cause of the injury inflicted. One who negligently creates a dangerous condition cannot escape liability for the natural and probable consequences thereof although the act of a third person may have contributed to the final result.' "

*See Bissett v. DMI, Inc., supra.* Similar reasoning underlies the rule we stated in Syllabus Point 1 of *Reilley v. Byard*, 146 W.Va. 292, 119 S.E.2d 650 (1961):

"Where two or more persons are guilty of separate acts of negligence which in point of time and place concur, and together proximately cause injury to another, they are guilty of concurrent negligence for which they may be held jointly and severally liable in an action by the injured person or, in case death results

therefrom, by his personal representative."

*See also Evans v. Farmer*, 148 W.Va. 142, 133 S.E.2d 710 (1963).

The question, then, becomes whether one who sells beer or alcoholic beverages to a minor can ever reasonably foresee that the underage purchaser will share such beverages with other minors, who will, in turn, become intoxicated and cause injury to themselves or others. Other jurisdictions have concluded that in certain circumstances, such a result is reasonably foreseeable at the time of the unlawful sale. *E.g., Morris v. Farley Enters., Inc.*, 661 P.2d 167 (Alaska 1983); *Floyd v. Bartley*, 727 P.2d 1109 (Colo.1986); *Kvanli v. Village of Watson*, 272 Minn. 481, 139 N.W.2d 275 (1965); *Thompson v. Victor's Liquor Store, Inc.*, 216 N.J.Super. 202, 523 A.2d 269 (1987); *Davis v. Billy's Con-Teena, Inc.*, 284 Or. 351, 587 P.2d 75 (1978); *Matthews v. Konieczny*, 515 Pa. 106, 527 A.2d 508 (1987); *Reber v. Commonwealth*, 101 Pa.Commw. 397, 516 A.2d 440 (1986); *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547 (Tenn.1981). Factors to be considered in determining whether the vendor might reasonably foresee that someone other than the underage purchaser would consume the beverages include: (1) the quantity and character of the beverages purchased; (2) the time of day of the sale; (3) the vendor's observation of other persons on the premises or in a vehicle with the underage purchaser; (4) statements made by the purchaser; and (5) any other relevant circumstances of the sale or of the vendor's knowledge.[18] *Thompson v. Victor's Liquor Store, Inc.*, 216 N.J.Super. at 206–08, 523 A.2d at 271–72.

For the reasons stated above, we answer the fourth certified question in the affirmative. We conclude, however, that there are not sufficient facts of record to enable us to resolve this issue as a matter of law.

The question of proximate cause is ordinarily a factual one. As we

---

**18.** The Minnesota court in *Kvanli v. Village of Watson, supra,* pointed to a proximate cause consideration that a substantial delay between the time of the purchase and the consumption

by third parties or other intervening factors might break the causal connection between the sale and the use. *See Van Cleave v. Kietz–Mill Minit Mart*, 97 Nev. 414, 633 P.2d 1220 (1981).

stated in Syllabus Point 6 of *McAllister v. Weirton Hospital Co.,* 173 W.Va. 75, 312 S.E.2d 738 (1983):

> " 'Questions of negligence, due care, proximate cause and concurrent negligence present issues of fact for jury determination when the evidence pertaining to such issues is conflicting or where the facts, even though undisputed, are such that reasonable men may draw different conclusions from them.' Syl. pt. 1, *Ratlief v. Yokum* [167 W.Va. 779], 280 S.E.2d 584 (W.Va.1981), *quoting,* syl. pt. 5, *Hatten v. Mason Realty Co.,* 148 W.Va. 380, 135 S.E.2d 236 (1964)."

*See Grillis v. Monongahela Power Co.,* 176 W.Va. 662, 346 S.E.2d 812 (1986); *Adams v. El–Bash,* 175 W.Va. 781, 338 S.E.2d 381 (1985). While a statutory violation gives rise to a *prima facie* case of negligence, " 'the determination as to whether there was in fact a violation and whether the violation was the proximate cause of the injury is within the province of the jury.' Syllabus Point 3, *Simmons v. City of Bluefield,* [159] W.Va. [451], 225 S.E.2d 202, 88 A.L.R.3d 105 (1975)." Syllabus Point 3, in part, *Jones v. Two Rivers Ford, Inc.,* 171 W.Va. 561, 301 S.E.2d 192 (1983).

The parties' brief stipulation in this case does not contain any facts as to conversations between Keesee and Anderson, whether Moulder was present or nearby at the time of the purchases, what happened between the days the kegs were purchased and the date of the fatal accident, or any of the other factors set out in *Thompson v. Victor's Liquor Store, Inc., supra.* For this reason, the proximate cause question is still open and requires further factual development. We therefore decline to address the specifics of the proximate cause question in this case.

### VI.

In summary, we find that the answers of the Circuit Court of Mercer County to certified questions (1), (3), and (4) were correct, and we affirm its order entered July 19, 1989, to that extent. We expressly decline to address certified question (2). Having answered the certified questions to the extent possible from the stipulated record before this Court, we dismiss the case from our docket.

*Certified questions answered and dismissed.*