IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 23, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**VICKIE SPENARD,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-93**   (Cir. Ct. Cabell Cnty. Case No. CC-06-2022-C-338)

**SPECIALIZED IRA SERVICES FBO ACCOUNT #103-206**
**and PROPERTY CONNECTION, LLC,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Vickie Spenard appeals the February 6, 2024, order from the Circuit Court of Cabell County denying her motion for summary judgment and granting the motion for summary judgment filed by Respondents Specialized IRA Services FBO Account #103-206 and Property Connection, LLC. Respondents filed a joint response.[1] Ms. Spenard filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to November of 2021, Property Connection remodeled a two-story rental home located in Huntington, West Virginia (the "Rental Property"). The Rental Property's staircase was part of the renovation, and its bedrooms are located on the second floor. As part of its City Code, the City of Huntington (the "City") has adopted the 2018 Edition of the International Property Maintenance Code ("Maintenance Code"). Huntington, W. Va., Code ch. 17, art. 1711 § 117.01(5) (adopting the Maintenance Code's standards and requirements as part of City Code). It is undisputed that the Maintenance Code requires the installation of handrails for exterior and interior stairs exceeding four risers in height. Respondents do not dispute the fact that Property Connection violated this requirement when it failed to install a handrail on a portion of the top flight of stairs between the first and second floors of the Rental Property.

---

[1] Ms. Spenard is represented by Brent K. Kesner, Esq., Ernest G. Hentschel II, Esq., Anthony E. Nortz, Esq., and Kenneth P. Hicks, Esq. Respondents are represented by Anders W. Lindberg, Esq., and Colton C. Parsons, Esq.

In October of 2021, Ms. Spenard's home was damaged by fire, and while her home was undergoing repairs she temporarily moved into the Rental Property. Mr. Spenard did not join Ms. Spenard at the Rental Property. According to her deposition, Ms. Spenard viewed the Rental Property prior to choosing it as her temporary residence and was aware there was not a handrail on the top flight of stairs. She also acknowledged that she did not raise the issue of the missing handrail with respondents and moved into the Rental Property in November of 2021.

Approximately one month later, on December 25, 2021, Ms. Spenard's husband visited the Rental Property. On that night, Ms. Spenard fell down the stairs and was seriously injured. In this case, Ms. Spenard's fall and resulting injuries are not contested. Ms. Spenard has no recollection of the incident, but Mr. Spenard claimed he witnessed her fall. In his deposition, he testified that he was sitting on a couch in the downstairs living room when he saw his wife somersault headfirst from the top of the stairwell, down the top flight of stairs, hit the wall at the landing between the two flights, fall to her side, and roll down the last set of stairs, landing on the floor at the bottom. However, during her deposition, Ms. Spenard refuted her husband's claim that he witnessed her fall down the stairs, stating that it was not possible for him to see the top flight of stairs from the living room. Prior to her fall, Ms. Spenard acknowledged that she had traversed the stairs multiple times without incident.

Ms. Spenard filed an amended complaint on October 18, 2022, asserting various negligence claims against respondents. The amended complaint alleged that the lack of a handrail was the proximate cause of her fall and injuries. On December 4, 2023, respondents filed a motion for summary judgment, arguing that Ms. Spenard could not prove that the missing handrail was the proximate cause of her fall and injuries. In support, the motion argued that our Legislature's reinstatement of the open and obvious doctrine under West Virginia Code § 55-7-28 (2015),[2] precluded the imposition of liability for Ms.

---

[2] This statute states:

(a) A possessor of real property, including an owner, lessee or other lawful occupant, owes no duty of care to protect others against dangers that are open, obvious, reasonably apparent or as well known to the person injured as they are to the owner or occupant, and shall not be held liable for civil damages for any injuries sustained as a result of such dangers.

(b) Nothing in this section creates, recognizes or ratifies a claim or cause of action of any kind.

(c) It is the intent and policy of the Legislature that this section reinstates and codifies the open and obvious hazard doctrine in actions seeking to assert liability against an owner, lessee or other lawful occupant of real property

Spenard's injuries because there was no genuine issue of material fact that she had actual knowledge of the absent handrail and did not report the same and, thus, the danger it presented was open and obvious. Respondents also emphasized that Ms. Spenard had no recollection of the fall and refuted her husband's account of the same as an impossibility.

On December 6, 2023, Ms. Spenard filed a motion for partial summary judgment wherein she sought a judicial finding that the missing handrail was a violation of City Code and prima facie evidence of negligence by respondents, as well as the proximate cause of Ms. Spenard's injuries.

The circuit court heard the competing summary judgment motions on January 2, 2024, and its rulings were memorialized in an order entered on February 6, 2024. In its order, the circuit court found it to be undisputed that Ms. Spenard: had prior knowledge of the missing handrail and did not raise the issue with respondents; previously traversed the stairs numerous times without incident; and possessed no firsthand knowledge of the accident, and she discredited Mr. Spenard's account of her fall. For these reasons, the circuit court found Ms. Spenard's allegation that the missing handrail was the proximate cause of her fall to be speculative, at best.

Regarding the City Code violation, the order also concluded that the violation did not preclude summary judgment in favor of respondents because Ms. Spenard could not establish causation. Here, the circuit court found that Ms. Spenard's claim was barred by the open and obvious doctrine and that no reasonable jury could find that Ms. Spenard's fall and injuries were proximately caused by the absent handrail. This appeal followed.

It is well established in West Virginia that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting a de novo review, this Court applies the same standard for granting summary judgment that a circuit court must apply, and that standard states, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *United Bank, Inc. v. Blosser*, 218 W. Va. 378, 383, 624 S.E.2d 815, 820 (2005) (quoting Syl. Pt. 2, *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756). "Summary judgment is appropriate if, from the totality of the evidence presented . . . the nonmoving party has failed to make a sufficient showing on an essential element of the

---

to its status prior to the decision of the West Virginia Supreme Court of Appeals in the matter of *Hersh v. E-T Enterprises, Limited Partnership*, 232 W. Va. 305 (2013). In its application of the doctrine, the court as a matter of law shall appropriately apply the doctrine considering the nature and severity, or lack thereof, of violations of any statute relating to a cause of action.

3

case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995).

On appeal, Ms. Spenard raises three assignments of error. At their crux, they all assign some form of error to the circuit court's application of the open and obvious doctrine under West Virginia Code § 55-7-28 in light of the respondents' undisputed code violation. Thus, we have combined and restated those issues for ruling in this appeal. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating the general proposition that related assignments of error may be consolidated for ruling); *Jacquelyn F. v. Andrea R.*, No. 16-0585, 2017 WL 2608425, at *1 n.2 (W. Va. June 16, 2017) (memorandum decision) (restating assignments of error where they involve clearly related issues). Restated, Ms. Spenard argues that the circuit court: (1) failed to apply all relevant provisions of West Virginia Code § 55-7-28 when it determined that her claim was barred and (2) erred when it determined that there was no question of fact because she could not prove that the code violation was the proximate cause of her fall and related injuries at trial.

In her first argument, Ms. Spenard contends that the circuit court failed to consider all of the applicable provisions of West Virginia Code § 55-7-28 before determining that the open and obvious doctrine barred her claim. Ms. Spenard asserts that the circuit court misapplied the doctrine because it relied upon the language of subsection (a) to bar her claim without also considering the requirement under subsection (c) that: "In its application of the doctrine, the court as a matter of law shall appropriately apply the doctrine considering the nature and severity, or lack thereof, of violations of any statute relating to a cause of action." W. Va. Code § 55-7-28(c).

Here, Ms. Spenard argues that the record established that respondents were aware of the missing handrail and chose not to install one despite knowing it was required by City Code. By violating the City Code, respondents created an open and obvious danger that Ms. Spenard was required to knowingly expose herself to in order to access the Rental Property's bedrooms. In other words, she contends that while she was aware of the danger, respondents' knowledge of the City Code violation made them the party most aware of the danger posed by the missing handrail. *See* W. Va. Code § 55-7-28(a) (stating there is no duty of care for "dangers that are open, obvious, reasonably apparent or as well known to the person injured as they are to the owner or occupant"). We find Ms. Spenard's contention on this issue unconvincing.

As our Supreme Court of Appeals has explained,

the statutory language that a defendant "owes no duty of care to protect others against dangers that are . . . as well known to the person injured as they are to the owner or occupant," W. Va. Code § 55-7-28(a), is not only clear on its face, but clearly intended by the Legislature to shield owners, lessees or

4

> lawful occupants of land from liability in cases where the danger is *known* to them, but such danger is *equally well known* to the plaintiff.

*Butner v. Highlawn Mem'l Park Co.*, 247 W. Va. 479, 486, 881 S.E.2d 390, 397 (2022).

On this issue, Ms. Spenard's claim rests on her nebulous assertion that the danger of the missing handrail was not equally known to her, and that the code violation imposed heightened knowledge of the danger upon respondents. However, this assertion is made without citation to the appendix record or supporting authority.[3] Particularly, this assertion is predicated on two key points; first, Ms. Spenard did not have equal knowledge of the danger and second, respondents had greater knowledge of the risk because of the undisputed code violation. As our Supreme Court of Appeals has made clear, "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." *Williams*, 194 W. Va. at 60, 459 S.E.2d at 337 (quotations and citations omitted). *see also* W. Va. R. Civ. P. 56(e) ("[A]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing . . . a genuine issue for trial."). Further, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quotations and citations omitted). Yet, Ms. Spenard's argument on this issue offers nothing more than a general assertion and fails to set forth any evidence to resist respondents' motion for summary judgment.

Instead, according to the record, the parties were both aware of the missing handrail and there is no indication that one party had more knowledge than the other. In fact, by her own acknowledgement Ms. Spenard was aware of the missing handrail prior to moving into the Rental Property, chose not to raise the issue with respondents, and then used the stairs regularly without incident for the approximate month she resided there prior to her accident. Similarly, respondents knew the handrail was not installed and that it was required by City Code. Despite this violation, we have not been presented with any authority which, as Ms. Spenard claims, requires a court to impose heightened knowledge upon a party who violates a statute when it involves application of the open and obvious doctrine. Instead, West Virginia Code § 55-7-28(c) only requires courts to consider any violation related to the cause of action. In applying the open and obvious doctrine to this case, the circuit court expressly noted that the violation in this case was undisputed before setting forth its reasoning for why Ms. Spenard's claim was barred. As such, we cannot conclude that Ms. Spenard was not equally aware of the danger in this case or that the circuit court erred in its application of the open and obvious doctrine.

---

[3] *See* W. Va. R. App. P. 10(c)(7) (requiring the petitioner's brief to include "an argument exhibiting clearly the points of fact and law presented . . . and citing the authorities relied on").

Ms. Spenard's final assignment of error is that the circuit court erred when it determined that she could not establish respondents' code violation as the proximate cause of her fall and injuries. According to Ms. Spenard, her fall and subsequent injuries were foreseeable, established the necessary elements for a negligence claim, and any proximate cause determination was a question of fact for a jury's consideration. We disagree.

Instead, we conclude that Ms. Spenard has not made a prima facie case of negligence and, as a result, the circuit court did not err when it determined there was not a genuine issue of material fact for trial. Under West Virginia law, it is well established that in a negligence action, "it is incumbent upon the plaintiff to establish, by a preponderance of the testimony, three propositions: (1) A duty which the defendant owes to him; (2) A negligent breach of that duty; (3) injuries received thereby, resulting proximately from the breach of that duty." *Webb v. Brown & Williamson Tobacco Co.*, 121 W. Va. 115, 118, 2 S.E.2d 898, 899 (1939) (citations omitted). Of those elements, proximate cause is the key issue before us in this appeal and it is predicated upon respondents' code violation. To that end, our state's highest court has noted: "While a statutory violation gives rise to a *prima facie* case of negligence, the determination as to whether there was in fact a violation and whether the violation was the proximate cause of the injury is within the province of the jury." *Anderson v. Moulder*, 183 W. Va. 77, 90, 394 S.E.2d 61, 74 (1990) (quotations and citations omitted). However, "[i]n order to be actionable, such violation must be the proximate cause of the injury." *Id.* at 83, 394 S.E.2d at 67 (citations omitted). In this case, we agree with the circuit court that Ms. Spenard cannot establish that respondents' failure to install the required handrail was the proximate cause of her unfortunate accident in this case and, thus, there is no genuine issue of material fact for trial.

As our Supreme Court of Appeals has stated:

> Roughly stated, a "genuine issue" for purposes of West Virginia Rule of Civil Procedure 56(c) is simply one half of a trialworthy issue, and a genuine issue does not arise unless there is sufficient evidence favoring the non-moving party for a reasonable jury to return a verdict for that party. The opposing half of a trialworthy issue is present where the non-moving party can point to one or more disputed "material" facts. A material fact is one that has the capacity to sway the outcome of the litigation under the applicable law.

Syl. Pt. 5, *Jividen v. Law*, 194 W. Va. 705, 461 S.E.2d 451 (1995). As the circuit court aptly observed, there is not sufficient evidence in this case for a jury to return a verdict in Ms. Spenard's favor. Rather, the undisputed evidence is that Ms. Spenard has no recollection of her accident and her only corroborating witness is Mr. Spenard, and his account of the accident was fully discredited by Ms. Spenard. There are no material facts upon which a reasonable jury could find Ms. Spenard met her burden of proof as to

6

proximate cause in this case. Thus, we cannot conclude the circuit court erred in its ruling on the parties' motions for summary judgment.

Accordingly, we affirm the circuit court's February 6, 2024, order.

Affirmed.

**ISSUED:** December 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear